THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, RESPONDENT, *v.* GEORGE M. CUYLER AND OTHERS, APPELLANTS.

*Usury — who may set it up — Counter-claim — what constitutes.*

This action was brought to foreclose a mortgage upon property, the title to which was in the defendant Bingham. The defendant Cuyler interposed an answer containing first a general denial "and for a second and further defense" he alleged that Bingham acquired title to the land from him in pursuance of an agreement by which he was to convey the same to Cuyler upon certain terms therein specified; that at Cuyler's request, and for his benefit, Bingham gave the

bond and mortgage in question to the plaintiff; that they were void for usury, and demanded judgment that they be so declared, and that they be delivered up and canceled.

*Held,* that Cuyler was the equitable owner of the land, and as such a " borrower" within the meaning of the statute relating to usury, and therefore entitled to interpose that defens a.

That the usury, set forth in the form that it was in the answer, did not constitute a counter-claim, but simply a defense to the action, and that no reply thereto was necessary.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury. The action was brought for the foreclosure of a mortgage, given by the defendant Charles L. Bingham, who held the legal title to the mortgaged property. The defendant Cuyler interposed an answer in the action, which first denied any knowledge or information sufficient to form a belief as to the allegations of the complaint. It then proceeds : " And for a second and further defence, this defendant says, 'that Bingham acquired title to the land from him in pursuance of an agreement by which he was to convey the same to Cuyler, upon certain terms therein specified ; that at Cuyler's request, and for his benefit, Bingham gave the bond and mortgage in question to the plaintiff ; that they were void for usury, and demanded judgment that they be so declared, and that they be delivered up and canceled.

*S. Hubbard,* for the appellant.

*George F. Danforth* and *James Wood,* for the respondent.

RAWSON, J. :

The only question raised in this case is whether the motion for judgment made by the defendant at the close of the plaintiff's case should have been granted. This motion was made upon the pleadings, upon the ground that the answer sets up a counter-claim, to which no reply was served by the plaintiff.

It is claimed by the respondent that this motion was properly denied for the reason that the defendant Cuyler, in whose behalf this motion was made, is not in a position to raise the question ; that he was not a " borrower," within the meaning of the statute, and could not, therefore, commence an action to have the bond and

mortgage canceled, or accomplish the same thing by a counter-claim in the foreclosure action.

If the term "borrower" is to be understood to refer simply to the person whose name appears in the bond and mortgage, then Mr. Cuyler is not a borrower within the meaning of the statute.

If we are to look only at the transaction as between the plaintiffs and Bingham, then Mr. Bingham is the only "borrower," and Mr. Cuyler is not known in the transaction.

But no good reason can be perceived why any such narrow construction should be given to the statute.

In this case the facts found are that the money was procured upon the application of Cuyler and for his benefit; that Bingham took the legal title by agreement with Cuyler that he should do so simply for the purpose of raising the money and making the bond and mortgage. He held the naked legal title only, and made the bond and mortgage at the request of Cuyler, and for his benefit. Cuyler in this case, then, I think, is really a "borrower," within the statute, and therefore a person who may by proper legal proceedings have a usurious bond and mortgage canceled.

The defendant Cuyler had, I think, such an interest in the property that he might maintain an action to have the bond and mortgage declared void, and canceled, as a cloud upon the land. He was in possession of the farm and was the equitable owner. Bingham, holding a mortgage upon Cuyler's farm, agreed to foreclose and take the legal title, and then allowed him to redeem, upon certain terms, stated in their contract.

At the time of this trial he was holding the farm under and by virtue of this contract.

This gave him such an interest that he might file a bill to set aside the bond and mortgage, or accomplish the same object by counter-claim in the foreclosure suits. The defendant, Cuyler, was then in a position to make the motion, and the motion should have been granted if, as claimed by him, he has fairly set up a counter-claim in his answer, to which there is no reply.

It is beyond question that the defense of usury may be pleaded as a legal defense to an action, and it may be pleaded as an equitable defense. In the latter case there must be alleged, beyond the mere legal defense of usury, certain facts which entitled the party

to affirmative relief. It has been held, and I think correctly, that the defense of usury, merely, is not sufficient to entitle a party to affirmative relief. That there must exist some other facts, such as that usurious securities are a cloud upon his title to real estate, or something beyond the naked legal defense of usury.

The defense of usury may be set up as a legal defense and also as a counter-claim, in the same answer. They should be set up, however, separately and distinctly, the one as a defense and the other as a counter-claim.

The defendant in this case first pleads a denial; he then says: " And for a second and further *defense* this defendant says," etc.; he then sets out his relation to the transaction in suit, to wit, that he was the equitable owner of the land on which the mortgage was given, and the substance of his contract with Bingham. It was necessary for him to allege these facts as a part of his legal defense of usury. The bond and mortgage were made by Bingham, and it did not appear that Cuyler had any connection with the transaction. It was therefore necessary for him to allege his contract with Bingham and his equitable ownership of the property, to put himself in a position to set up the legal defense of usury; and these allegations were a necessary part of such defense.

The defendant then proceeds to set out the making of the loan and the usury, in the usual form, and demands judgment that the bond and mortgage be adjudged to be usurious and void, and that they be delivered up and canceled, and for further relief, etc.

Now, I am unable to find any thing in this answer beyond the mere legal defense of usury. There are no allegations unnecessary to set up usury as a legal defense. He calls it a *defense.*

But it is said that a counter-claim is a defense. This is true, but it is something more; and if the defendant means to avail himself of any benefit under it to which he would not be entitled under a legal defense, strictly, he must call it something more than an ordinary defense.

The Code gives the defendant the right to have the allegation of his answer stand, as admitted, if no reply be served when he sets up a counter-claim. Now, the facts set up should not only constitute a counter-claim, but they should be pleaded as such. This privilege, or right, to have an answer stand as admitted, is a privi

lege to which a defendant should only be entitled when he has strictly complied with the requirements of the rules of law and practice which give it to him. The plaintiffs, on the other hand, should not thus be compelled to submit to judgment against him, until he has been fairly notified by the defendant that he has served a pleading upon him which requires a reply.

The plaintiff should not be compelled to spell out and guess what an answer is, and whether it requires a reply, but he should be distinctly notified by the defendant that his answer is such; that if not replied to, he shall claim it is admitted.

Judge BOSWORTH says, in the case of *Burrall* v. *De Groot* (5 Duer, 379), "when the facts alleged in an answer may possibly constitute a counter-claim, but are such as always constituted a flat bar at law to the plaintiff's right to recover, by showing, if true, that he never had any cause of action, they should be deemed to be set up as a *defense* merely, unless the answer expressly states that they are set up by way of counter-claim. A verdict and judgment upon it in favor of the defendant would fully protect him against a future action. To preclude a plaintiff from a recovery upon the idea that he has admitted the allegations of such an answer to be true, by omitting to reply to it, when the same allegations, viewed as a full defense, and that only, would be put at issue by the Code, would operate as a surprise in all actions in which the defense of usury is interposed."

The same principle was applied in the case of *Bates* v. *Rosekrans* (23 How., 98), and is, I think, equally applicable to this case.

There is nothing in this answer which fairly designates it as a counter-claim, or gives any notice to the plaintiff that it is intended to be pleaded as such; and the defendant must be held to have intended it as a defense of usury merely.

It follows that the judgment appealed from must be affirmed, with costs.

TALCOTT, J., concurred; MULLIN and SMITH, JJ., not sitting.

Judgment affirmed.