EMORY W. GURNEE, LEVI GURNEE AND FRANK S. GURNEE, RESPONDENTS, *v.* CHARLES W. BEACH AND LEWIS JESSUP, APPELLANTS.

*Pleading — action on a promissory note — title in the plaintiff must be alleged.*

In an action upon a promissory note by one not a party thereto the complaint must allege that the plaintiff has acquired title thereto, or other facts from which his ownership of the note can be legally inferred.

This inference cannot be drawn from an allegation that the note was made by the defendants, who " then and there delivered the same to the said payee, *who thereupon indorsed the said note.*"

APPEAL from a judgment, entered in Wayne county overruling the defendants' demurrer to the plaintiffs' complaint.

The complaint alleged that the plaintiffs were copartners doing business under the firm name of E. W. Gurnee & Co., and set up a

cause of action founded upon three negotiable promissory notes, all made by the defendant Charles W. Beach, and each payable to the order of Lewis Jessup. Each note is set forth in the complaint as a separate and distinct cause of action, and in separate paragraphs numbered one, two and three. The question presented by the demurrer is whether the complaint states facts showing that the plaintiffs are the owners of the notes. The averments in each count are the same, except as to the description of the note, and the first is as follows : " That the defendant Charles W. Beach, on the twenty-second day of October, in the year 1879, at Sodus, N. Y., made his promissory note in writing dated that day, whereby, by the name of C. W. Beach, for the value received, he promised to pay to the order of Lewis Jessup seventy-four dollars at E. W. Gurnee & Co.'s banking-house, Sodus, N. Y., with interest, on the first day of January, 1880, and then and there delivered the same to the said payee, who thereupon duly indorsed the said note ; that when the said note became due the same was duly presented at E. W. Gurnee & Co's. banking-house, Sodus, N. Y., the place where the same was made payable, and payment thereon then and there duly demanded, which was refused, whereupon the said note was then and there duly protested for non-payment, of all of which the said Charles W. Beach and Lewis Jessup had due notice. That before the commencement of this action the said note became due and payable and remained wholly unpaid." Both defendants joined in the demurrer, and it is based upon the ground that the complaint does not state facts sufficient to constitute a cause of action against the defendants in favor of the above-named plaintiffs.

*William Roe,* for the appellants.

*B. B. Seaman,* for the respondents.

BARKER, J. :

It was necessary for the plaintiffs to set forth in their complaint every fact which they must prove to enable them to recover judgment against the defendants. As the plaintiffs were not original parties to the note they can have no right of action thereon unless they have acquired a title thereto subsequent to its delivery. It is not alleged in the complaint that they are the owners of the note, nor

does it contain any averment of a fact from which the law infers that they are the owners of the same. The original payee was the defendant Jessup, in whom the title to the note and the right of action against the maker upon his promise vested, on the making and delivery of the note. The averment that Jessup duly indorsed the note after its delivery to him was doubtless sufficient for the purpose of showing that he had parted with his title and possession, but there is a failure to state that the plaintiffs were such indorsees, or that they are the owners of the note founded upon a derivative title, and a title in them cannot be legally inferred from the mere fact that the payee has parted with his title. No case has been cited nor have we discovered any in our examination which goes so far as to hold that the averments contained in this complaint are sufficient to show that these plaintiffs are the owners of the note.

The rule which is stated in some of the cases, that an averment that the payee has indorsed the note, imports a delivery by him of the note does not meet the specific objection made to the sufficiency of this complaint, that it does not aver a title to the note in the plaintiffs. The fact that the payee has parted with his title and made a delivery of the note does not justify the legal inference that the plaintiffs are the persons who have acquired such title. Any other person in an action in his name against these defendants, could in his complaint allege all the facts which are set forth in this, and swear to the truth of the same by the usual affidavit of verification, and not be guilty of perjury. (*Parker* v. *Totten*, 10 How., 233.)

The complaint in the case of the *New York Marbled Iron Works* v. *Smith* (4 Duer, 362), contained averments as to the making and indorsement of a note similiar to those set forth in the plaintiffs' complaint, but they were followed by an allegation that the note was held and owned by the plaintiff, and the court held that the facts alleged were sufficient to show that the plaintiff had title to the note in suit.

In *Burrall* v. *De Groot* (5 Duer, 379), the averment was to the effect that the payee indorsed a note in blank and that the same, so indorsed, was delivered to the plaintiff, " who now holds and owns the same." Neither of these cases sustain the plaintiffs' argument.

While the averments that the payee indorsed the note imports that he has delivered it to another and parted with his title, it cannot be inferred therefrom that the transfer was to the plaintiff, for that is another and a distinct fact which must be set forth in the complaint, that it may appear that the plaintiff is interested in the cause of action. The plaintiffs' claim of title is an issuable fact, and it must be set forth in such form that the same can be met with a denial. In averring the fact of ownership no particular form is necessary, but the fact must be unequivocally stated.

The judgment is reversed, with costs of this appeal, and the demurrer sustained with costs, with leave to the plaintiffs to amend their complaint on the payment of costs of the appeal and demurrer within twenty days after taxation and notice.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Interlocutory judgment and order reversed and demurrer sustained, with leave to the plaintiffs to amend complaint within twenty days on payment of costs of this appeal and this demurrer.