Gaston, J.
 

 This action was brought to recover damages for the breach of a covenant, executed by the defendant, on the 21st of February, 1840, whereby he covenanted to deliver to the plaintiff, in the town of Madison and county of Rockingham, 1280 lbs. of good merchantable bacon, on or before the 15th day of* April, next ensuing. Among other pleas, not now material to be considered, the defendant pleaded that he had performed his covenant, that the said covenant was dependent upon a certain covenant, which had been executed by the plaintiff to deliver to the defendant a certain, quantity of corn, and which had not been performed; and also, a set off of the damages sustained by
 
 the
 
 defendant, by reason of plaintiff’s breach of said last mentioned covenant. Upon the trial, the defendant offered in evidence, a covenant executed by the plaintiff, on the said 21st of February, 1840, whereby he bound himself to deliver to the defendant, one day after date thereof, 400 bushels of merchantable corn, for value received, and further offered to prove by parol, that the latter covenant was executed at the same time with the former, and constituted the consideration for which the former
 
 *403
 
 was given. This evidence'was rejected, and the plaintiff had a verdict and judgment, and the defendant appealed.
 

 We see no error in the rejection of the evidence offered. It is manifest, that it neither proved nor tended to prove the defendant’s plea of performance. The instrument, upon which the defendant was sued, purports to be a single, definite, unconditional engagement under his seal, to deliver a quantity of bacon at an appointed place, upon'an appointed day. It has no'-reference, direct or indirect, to any other contract or engagement between the parties. Its legal construction, and consequently, its legal operation, must therefore depend upon its terms, and cannot be varied or modified by any testimony,
 
 dehors
 
 the instrument itself.
 

 The plea of set off was radically bad, and it would have been idle to admit testimony in support of it. The statute allows “mutual debts’’ to be set off, and the construction of the statute is settled, that no demand comes within the term “ debt,” as therein used, except it be a
 
 money demand,
 
 and
 
 of a liquidated nature,
 
 and one on which an action of
 
 debt
 
 or
 
 indebitatus assumpsit
 
 would lie.
 

 Nor was the evidence receivable in diminution of damages. It has been said by us on a former occasion, and we believe correctly, that “damages may be reduced by such things as have been done in execution, or towards the performance ot the covenant, but not by any matter, distinct from, or unauthorized by it.”
 
 Dowd v. Faucett,
 
 4
 
 Dev.
 
 92.
 

 Per Curiam, Judgment for plaintiff affirmed.