By the Court. Bosworth, J.
complaint states facts sufficient to constitute a cause of action. The averment that Patón made the note, is equivalent to saying that he signed it and delivered it to the payees.
The allegations that the payees andDe Groot “severallyendorsed said note, in blank, and that the same, so endorsed, was delivered to plaintiff, who now holds and owns the same,” would, on a liberal construction of language, be understood to mean, that the payees endorsed it to De Groot, and that he endorsed it to the plaintiff. (Code, § 467 and § 159.)
This language of the complaint should be most liberally construed, inasmuch as the answer avers that the note was, in fact, delivered to the plaintiff by a party to it. The word endorse imports a delivery, and the averment that the plaintiff has the possession of, and owns the note, in connection with those that precede it, is equivalent to saying that it was delivered by the payees to De Groot, and by De Groot to the plaintiff. Griswold v. Laverty, (12 L. Ob. 316,) is conclusive upon this point, so far as the judgment of this court is concerned.
Ho objection was made, at.the time, that the notary’s certificate of presentment and protest, did not conform,to the statute, or was *382 not proper or sufficient evidence to prove those facts. That objection cannot be taken now. If taken at the trial, non constat, but other evidence would have been given. The objection taken was, that the fact of “service of notice of protest” could not be proved by the notary’s certificate, on the ground, that such service had been denied by a sworn answer. Service of it was subsequently proved by the person who made it. The objection actually taken is untenable. (Arnold v. Rock River Valley R. R. Co., decided January term, 1856.) Ante p.
The allegations of usury contained matter of defence, and, if true, constituted, at law, a flat bar to the action. If true, they showed that the plaintiff never had a right of action.
The answer does not, in terms, state that these facts are pleaded as a counter claim. If they are a counter claim, within the meaning of that word, as used in § 150 of the Code, it follows that they were admitted, by the plaintiff’s failure to controvert them, by a reply, and the defendant might have moved, on notice, for such judgment as the facts stated entitled him to. (Code, § 154.)
If they are to be viewed as a defence, and not a counter claim, they were put at issue by the Code, as upon a direct denial, or were avoided, as if new matter had been alleged sufficient to avoid them. (Code, § 168.)
When the facts, alleged in an answer, may possibly constitute a counter claim, but are such as always constituted a flat bar, at law, to the plaintiff’s right to recover, by showing, if true, that he never had any cause of action, they should be deemed to be set up as a defence merely, unless the answer expressly states that they are set up by way of counter claim. A verdict and judgment upon it, in favor of the defendant, would fully protect him against a future action. To preclude a plaintiff from a recovery, on the idea that he has admitted the allegations of such an answer to be true, by omitting to reply to it, when the same allegations, viewed as a full defence, and that only, would be put at issue by the Code, would operate as a surprise in all actions in which the defence of usury is interposed.
Hone of the exceptions taken to the admission or rejection of evidence are tenable.
The Judge, at the trial, could not withdraw the case from the consideration of the jury. There was evidence, on which it was *383 necessary they should determine what the truth was, in relation to the facts controverted. There was, therefore, no error in refusing to direct a verdict to be found for the defendant.
It was expressly conceded, on the argument, that the charge itself was unexceptionable. No exception was, in fact, taken to any part of it. The case is before us upon an appeal from the judgment only, and not from any order denying a new trial, on the ground that the verdict is not contrary to evidence. Such an appeal presents only questions of law, and no others have been raised on the argument before us.
The jury having found that all the parties to this paper represented it to be business paper, that the plaintiff bought relying on the truth of these representations, and that the transaction was not a device to evade the laws against usury, the rights of the parties are the same as if it were, in fact, business paper.
The verdict, on such a state of facts, was, properly, given for the face of the note. The judgment must be affirmed.