DAWSON, Appellant, v. DILLON, Respondent.

1. A plaintiff can not set up by way of defence to a set-off a demand against the defendant that he might have included in his petition.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action commenced in a justice's court upon an account filed amounting to thirty-eight dollars. The defendant filed by way of set-off an account amounting to fifty dollars. A trial was had in the justice's court, which resulted in a judgment against the plaintiff for twelve dollars and costs. An appeal was taken to the law commissioner's court. On the trial in the law commissioner's court the plaintiff offered to prove, for the purpose of showing that the defendant ought not to recover upon his set-off, that the defendant owed him one hundred and six dollars for cattle purchased by him of plaintiff; that this sum was still due. The court excluded the testimony. The court rendered, a judgment in favor of defendant for twelve dollars and costs.

*Bland & Coleman,* for appellant.

I. The court erred in excluding the evidence offered to show that the defendant was indebted to plaintiff in a sum beyond the amount of the set-off. As to the set-off the defendant assumes the attitude of a plaintiff; and the plaintiff should be permitted to prove any facts to show that the defendant should not recover upon his set-off. Where a debtor has a set-off equally applicable to two demands against him, it is not for him to elect which of the demands he will satisfy by set-off; but the court will direct the application according to the equities between the parties; and will in general apply such set-off to that part of the liability of the defendant which can not be reached by the judgment in the cause. (Talmadge v. Fiskill Iron Co. 4 Barb., S. C., 383; Collins v. Allen, 12 Wend. 356; Anderson v. Mason, 6 Dana, 217.) The court erred in rendering judgment against plaintiff for

the difference between the claim of plaintiff and the set-off of defendant. The action is equitable in its nature, and such balance does not equitably belong to the defendant.

*Jecko*, for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

The court properly refused to permit the plaintiff to set up by way of replication to the set-off interposed by the defendant another demand having no connection with the transaction out of which the set-off arose. The plaintiff can not reply to a set-off a demand which he could have included in his petition ; for if the plaintiff could reply to a set-off in this manner, the defendant could rejoin that the plaintiff owed him a debt not included in his set-off, to which the plaintiff could surrejoin, and such practice would lead to intolerable confusion.

The ruling of the court was proper for another reason ; the defendant can not assert a demand in a justice's court as a set-off which exceeds the jurisdiction of the justice ; and conceding to the plaintiff the general right to reply as he proposed, the analogy of the statute at least would require that the debt claimed in the replication should be within the jurisdiction of the court.

The judgment will be affirmed, the other judges concurring.