J. W. DERR v. E. W. STUBBS.

*Jurisdiction of Justice— Counter-Claim—Remission of Excess— Legislative Scale.*

1. The constitutional provision restricting the jurisdiction of justices of the peace in actions upon contracts, contemplates his adjudication upon claims within the required limits, and therefore it is not allowable for a defendant to set up a counter-claim for so much as will extinguish the plaintiff's claim and permit the defendant to recover two hundred dollars; in such case, the remission must be absolute of all in excess of the justice's jurisdiction.

2. Where the defendant in an action before a justice sets up a counter-claim composed mainly of items subject to the legislative scale, and remits the excess over two hundred dollars; *Held*, that the claim, when so reduced, is a claim for two hundred dollars in lawful money, not in depreciated paper.

(*Dalton* v. *Webster*, 82 N. C., 279, cited and approved.)

CIVIL ACTION tried at Fall Term, 1879, of LINCOLN Superior Court, before *Buxton, J.*

This action was commenced before a justice of the peace to recover the sum of $187.39, due by note with interest from the 15th of July, 1860, subject to a credit of one hundred dollars of date February 9th, 1861. The defendant appealed from the judgment of the court below.

*Messrs. Hoke & Hoke,* for plaintiff.

*Messrs. Jno. D. Shaw* and *W. J. Montgomery,* for defendant.

SMITH, C. J.   The defendant in answer to the plaintiff's demand, and as a set-off and counter-claim, relied upon an account for various articles furnished the plaintiff between September 22d, 1860, and January, 1863, in the aggregate sum of $1,097.72 upon which he had made the following endorsement:

"The defendant hereby claims to set-off the within account to the amount of the plaintiff's demand, and remits all excess, after deducting the said demand, over $200.

(Signed)       E. W. Stubbs."

The account exhibited contained various articles delivered before the period, over which the scaling statute operates, of the value of $56.37 and the residue bear date in January, 1863, one large item whereof is reduced to one-fourth part.

The plaintiff contested his liability for this claim, and offered evidence in diminution upon issues submitted to the jury who find a balance of $253.20 due the defendant, March, 1863, on their mutual accounts, outside of the bond sued on.

At the trial the plaintiff insisted, and asked His Honor so to instruct the jury, that as the defendant had remitted all his demand over $200, that sum must be scaled and all in excess left out of view.   His Honor replied that the jury would respond to the issues and he would reserve the question of the application of the scale until after the verdict. To this suggestion no objection was made   After verdict the court applied the scale as of the date fixed by the jury, and deducting the sum thus ascertained from the plaintiff's debt, gave him judgment for the residue.

The act of 1868–'69, ch. 156, as amended by the act of 1876–'77, ch. 63, which authorizes a plaintiff to bring his

demand within the jurisdiction of a justice by remitting the excess, requires him to direct the justice to make an entry as follows: "The plaintiff in this action forgives and remits to the defendant so much of the principal of this claim as is in excess of $200, together with the interest on said excess." The statute in terms embraces a plaintiff only and applies to a proceeding pending in a justice's court, but it may be reasonably extended to a defendant asserting a counter-claim and assuming the relation of a plaintiff thereto, and upon a liberal interpretation be made available as a defence set up after appeal with leave of the judge in the superior court, but in order thereto it must be done substantially at least in the prescribed form. The remission must be absolute of all demand in excess of the justice's jurisdiction, and such as would be cognizable before him if prosecuted by the defendant as an original cause of action.

The entry before us made by the defendant, in language not very clear, seems to maintain a right to so much of his account as will extinguish the plaintiff's entire debt, and admit of a recovery of the $200 besides, surrendering only what is not needed for this purpose. The constitutional provision restricting the jurisdiction of justices in actions upon contracts contemplates his examination and adjudication of claims within the prescribed limits, while the defendant proposes that he shall pass upon the validity of an account exceeding those limits by the sum claimed by the plaintiff. This, we think, cannot be allowed. If the counter-claim be understood as reduced to the sum of $200, as the instruction asked by the plaintiff implies, he was not entitled to a still further reduction by applying the scale. The sum demanded, whether in Confederate money requiring a scale, or the lawful currency of the United States, determines the question of jurisdiction; and, in either case the remission is equally necessary of the sum in excess of that conferred upon a justice.

But the claim when so reduced is in both cases a claim for $200 in lawful money—not in depreciated paper. This is the ruling in the case of *Dalton* v. *Webster*, 82 N. C., 279, a misapprehension of which may have led to the asking of the instruction for the application of the scale to the reduced debt. We correct a slight inadvertence in the opinion in that case, which overlooking the change made by the act of 1876–'77, adds after the words " two hundred dollars," the words " together with the interest on said excess."

These remarks are intended to prevent any erroneous inferences from our silence in regard to the form of the entry in the present case. As a set-off, the right to which exists as before the changes in the mode of pleading and practice, the magnitude of the claim is not important, because the only office and legal effect of a set-off, as distinguished from a counter-claim, are to put an end to the action or reduce the amount of the plaintiff's judgment, as we have already decided at this term.

The irregularities in the record are serious, and with some reluctance we so far overlook them as to decide the principal point presented in the appeal, and that is, the course of His Honor in reserving the question in reference to the scale and applying it himself. This however, done without dissent by either party, does not now admit of exception.

The verdict ascertains the balance due and its date, and these facts render the scaling a mere matter of calculation involving no principle of law. It is true some of the articles charged are not liable to scale, and one of the others has been already scaled, but we are not able to see in what manner the credits and debits of the long running account were applied and adjusted by the jury, as no complaint is made in this particular and no instruction was asked for their guidance. We understand therefore the verdict to have properly disposed of the items and to find a balance

due referable to March, 1863, and thus to fix the time for the application of the scale. As the appellant must make his exceptions in apt time, and it does not appear from the record that he has done so, in reference to this subject of complaint, we declare there is no error and affirm the judgment.

No error.                                         Affirmed.