SALLY A. McCLENAHAN v. CORNELIA B. COTTEN, Ex'rx.

*Counter Claim—Executors and Administrators.*

1. A defendant sued on contract in a justice's court may plead as a defence an independent cross-demand arising *ex contractu*, the principal of which is beyond the jurisdiction of a justice of the peace.

2. The clause of the code which interdicts a second action upon the judgment of any court, other than that of a justice of the peace, without leave of the judge, was not intended to forbid the use of such judgment as a set-off or counter-claim.

MCCLENAHAN *v.* COTTEN.

3. A defendant sued as a personal representative cannot use as a set-off or counter-claim against a creditor of the estate, a claim against such creditor purchased subsequently to the death of the testator or intestate.

(*McDowell* v. *Tate*, 1 Dev., 249 ; *Kerchner* v. *McRae*, 80 N. C., 219, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of CHATHAM Superior Court, before *Seymour, J.*

In this action, decided against the plaintiff in a justice's court, an appeal was taken to the superior court, and on the hearing, the parties having waived a jury and consented to a trial of all issues of law and fact by the court, His Honor found the facts and the conclusions of law thereon as follows:

1. That the bond declared on is the bond of the defendant's testator and is for the sum of $173.20, bearing interest from the 11th of November 1862.

2. That the sum pleaded as a set-off or counter-claim by defendant is based on a judgment recovered by one A. H. Merritt against John S. McClenahan and the present plaintiff at May term 1870 for $201, with interest from the 11th of February 1860, and $23.95 costs.

3. That execution was issued on said judgment soon after its rendition and returned, nothing to be found to satisfy said execution over the homestead, and that no other execution was issued thereon.

4. That said Merritt assigned the said judgment on the docket of the court in 1878 to the defendant, on whose motion, after notice, the judgment was revived in her name and leave granted to have execution.

Upon these facts, the defendant having remitted all of her claim in excess of plaintiff's demand under the order of the court, His Honor adjudged the defendant to be entitled to have her counter-claim applied in extinction of plaintiff's

debt, and gave judgment for costs against the plaintiff, from which judgment plaintiff appealed.

*Mr. J. H. Headen*, for plaintiff.
*Mr. John Manning*, for defendant.

DILLARD, J. The questions presented on the appeal for our determination are, first, can a defendant sued in contract in a justice's court plead as a set-off an independent cross-demand arising *ex-contractu*, the principal of which is beyond the jurisdiction of a justice of the peace, and secondly, whether a defendant sued as a personal representative may purchase a claim against a creditor of the estate subsequently to the death of the decedent, and avail of it as a set-off or counter-claim.

We concur in the opinion of His Honor on the first point, and do not on the second one.

Prior to the statute of set-off, a party sued for a debt could not at law defeat his adversary, by the fact that he had an unconnected legal demand, but had to proceed by a separate action, and the right to apply one debt to another, whether of a legal or equitable nature, could not be had except in a court of equity. To remedy this evil the statute was passed, and under it mutual debts between parties, and where either party was an executor or administrator and there were mutual debts between the testator or intestate and the other party, were allowed to be set one against the other, and the statute was of force in our courts of law under our former system, and the principle of it now exists under the code under the more comprehensive name of counter-claim. And by the old rules of pleading it was the right of the party having a set-off to avail of it, when less than the opposing claim, by plea of the general issue with notice of the particulars thereof or by plea of the same in bar when equal to or greater than the adverse demand.

Rev. Code, ch. 31, §77; *McDowell* v. *Tate*, 1 Dev. 249; 1 Chitty Plead. 569 and 570. The same right still exists under the code, with the same effect as formerly, but now much enlarged and to the further effect, that in addition to a mere bar, affirmative relief may be had for the excess, if the party will plead it as a counter claim, and this will be apparent by reference to the provisions of the code.

By C. C. P. §94, the only pleading on the part of a defendant has to be a demurrer or answer.

By section 100 an answer must contain, first, a general or specific denial of each material allegation of the complaint controverted by the defendant, &c., or, secondly, a statement of any new matter constituting a *defence* or *counter-claim*.

By section 101 the counter claim provided for is defined, and by subdivision 1 matters of recoupment and deduction as growing out of the contract or transaction set forth in the complaint, or connected with the subject of the action, are authorized; by subdivision 2 in actions on contracts, a counter-claim is made to embrace any other cause of action arising *ex contractu* existing at the commencement of the action; and by subdivision 3 a defendant may set up as many defences or counter-claims as he may have, whether formerly legal or equitable.

The question now arises, how may a party use and rely on his cross-demand? The answer is, he may plead it or not at his will, but if he elect to plead it, he may do so, and then, if it be equal to or greater than the opposing demand, he may plead it in bar, as formerly, or plead it as a *defence*, so called, under the code, the plea or defence having the operation merely to defeat the action, and not to admit of any judgment for an excess, or he may, if he will, instead of pleading it as a bar merely, set up his demand under the name and with the proper prayer of a counter-claim as

introduced by the code, and then the defendant will have judgment for the excess.

This construction is within the words of the code and is just in itself, for no reason can be given why A having a debt of two hundred dollars against B, who has a debt of one thousand dollars on him, should have judgment for his debt without the right in B to defeat the action by a plea of his larger debt as a set-off in bar. Such a distinction between set-off set up as a bar and as a technical counter-claim is laid down as proper to be taken, by an intelligent writer, (Bliss on Code Pleading §368), and is recognized and admitted under the Code in New York. *Tillinghast & Shearnan* Prac. 158; *Burnall* v. *De Groot,* 5 Duer 379; *Prentiss* v. *Graves,* 33 Barb., 621.

In our opinion therefore the judgment, if not otherwise liable to objection, was properly pleadable as a *defence,* formerly a plea in bar, without any *remittitur* whatever, and that there was no error in the ruling on this point except in requiring the excess above plaintiff's demand to be re-mitted, which was an error against the defendant of which the plaintiff cannot complain.

The second error is assigned to be in the allowance by the court of the judgment purchased by the defendant in her executorial character as a set-off to the plaintiff's debt.

In support of this objection it is argued that by section 14 of the code, a second action upon a judgment of any court of the state, other than that of a justice of the peace, is forbidden without leave of the judge of the court, on cause shown, and therefore it is inadmissible to use the judgment here as a set-off, which in legal effect is but a new action. The answer to the objection is that the thing for-bidden is an action *between the same parties* and we think is not to be extended to exclude the use of the judgment as a set-off. A second action is forbidden without leave on the ground that as *between the parties* every fact found and mat-

ter adjudged in a judgment is conclusively established, and there is no reason to sue on it again ; but it cannot be that the legislature intended to restrict any use of the judgment otherwise (such as by way of set-off) of which it was capable as between the original parties, or between the judgment debtor and any assignee of the same ; and such under a similar provision of the New York code is the construction, and we hold ought to be under our code. See section 14, C. C. P. ; 2 Whitaker's Prac., 167 ; *Clark* v. *Story*, 29 Barb., 255 ; *Tuffts* v. *Bramsted*, 4 Duer, 607 ; *Karlz* v. *Bradbury*, 21 Barb., 531.

It was further insisted that the judgment, if in every other view admissible as a set-off, was inadmissible by reason of the fact that defendant acquired it by purchase since the death of her testator, and as such it was her equitable property as an individual and not in her representative character.

The responsibility of executors in their individual characters upon causes of action arising wholly after their testator's death is settled, and in harmony with the authorities establishing that proposition, we think the purchase by defendant of the judgment on the plaintiff, although it was in terms assigned to her as executrix, made it in law the property of defendant as an individual. *Kerchner* v. *McRae*, 80 N. C., 219, and cases therein cited. And being the property of defendant as above described, it was not a chose in equity due in the same right to defendant as that in which the claim sued upon was due from her, and hence it could not have been allowed as a set-off in a court of equity, which in this respect follows the rule at law, or at least could not, unless some peculiar equity intervened, both as to the manner of its acquisition and the necessity for its application as a set-off. An executor or administrator owes the duty to settle up the estate by paying the debts and legacies, and distributing to the next of kin, and it is beyond the scope of the trust re-

posed in them to purchase up demands on the creditors of the estate for use as a set-off to their demands. Such a course if tolerated would involve the estate, or might, in unnecessary litigation, and would expose the representative to the temptation to claim, and with some show of right, to have a credit as a disbursement for the gross amount of all the claims he could buy up on the creditors of the estate.

We conclude that under our extended right of set-off and counter-claim under the code, a judgment purchased by defendant as executrix ought not to be received and maintained as a counter-claim, at least not unless its acquisition by the executrix was occasioned by way of payment by a doubtful debtor to the estate, or on some other peculiar equity, and here no such meritorious acquisition or peculiar equity is shown. We are of opinion therefore that upon the naked fact of a purchase by defendant of the judgment pleaded as a set-off, His Honor should have held the same not maintainable as a proper set-off or counter-claim in this action, and the judgment of the court below must therefore be reversed and judgment entered here for the plaintiff, and it is so ordered.

Error.                                              Reversed.