JOHN E. BOYETT v. THAD. VAUGHAN.

*Pleading— Counter- Claim.*

1. A counter-claim cannot be asserted in a justice's court, the amount of which exceeds the jurisdiction of the justice.
2. A plaintiff cannot set up a counter-claim in reply to a counter-claim asserted by the defendant.

PETITION to rehear, tried at October Term, 1881, of THE SUPREME COURT.

*Messrs. Mullen & Moore*, for plaintiff.
*Mr. Thomas N. Hill*, for defendant.

ASHE, J. This is a case on rehearing the cause which was adjudicated by this court at the June term, 1878, and to be found reported in 79 N. C., 528.

It was an action brought before a justice of the peace in

the county of Halifax. The plaintiff in his complaint before the justice claimed $105 for lumber sold the defendant. The defendant in his answer set up by way of counter-claim a debt due him by plaintiff, evidenced by a note of $200. There was judgment given by the justice against the plaintiff for $69.13, the excess of the counter-claim over the plaintiff's demand. The plaintiff appealed to the superior court.

When the case was called for trial in the superior court the plaintiff suggested a diminution of the record in the transcript, and was permitted to amend the same, by interpolating therein, a replication and counter-claim to the answer and counterclaim of the defendant. .

The plaintiff in his replication alleged that the note of $200, constituting the defendant's counter-claim, was given by him to the defendant, in part payment for a tract of land which he had purchased from him, and that at the time of the sale there was a parol agreement between them, that if upon a survey of the land it should fall short of four hundred acres, he would pay $4.00 per acre for the deficiency, and that the land fell short of four hundred acres by eighty-three acres, for which he set up a counter-claim to the defendant's counter-claim.

The defendant denied the counter-claim of the plaintiff. The plaintiff was permitted by the court to remit $57.06 of his claim for the deficiency in the land.

Issues were submitted to the jury, who found that the defendant did agree with the plaintiff to pay him four dollars per acre for each acre the land might fall short of four hundred acres, and that the deficiency was eighty-three acres.

The court gave judgment in behalf of the plaintiff for $200, and the defendant appealed to this court, and at the June term, 1878, the judgment of the superior court was affirmed by a majority of the court, (Chief Justice SMITH filing a dissenting opinion, which was concurred in by Mr. Justice BYNUM.)

We are of the opinion there was error in the judgment of this court.

First, because the court sustained an amendment allowed in the court below which raised the sum demanded in the action beyond the jurisdiction of the justice of the peace, and secondly, the plaintiff was permitted to set up a counter-claim to the counter-claim of the defendant.

The amount claimed by the plaintiff in his complaint was $105, and in his counter-claim $332, making $437, and deducting the $57.06 remitted, left $379.94, which was adjudicated in this court by indirectly according to the justice of the peace a jurisdiction to that amount.

We do not think the constitutional limit to the jurisdiction of justices of the peace can be so evaded.   If the replication allowed in the superior court had been filed in the justice's court, we think it is clear that the court should have held that the justice had exceeded his jurisdiction, and that the case be dismissed.   It is the jurisdiction of the justice of the peace which, on appeal, gives jurisdiction to the superior court, and of course if the justice had no jurisdiction the superior court could have none, and therefore, when by allowing an amendment in the transcript which enlarges the cause of action beyond the jurisdiction of the justice, it must necessarily oust itself of jurisdiction.

As to the matter of the counter-claim to the counter-claim, we are of the opinion the correct doctrine and that supported by the more satisfactory authorities is enunciated in the dissenting opinion filed in the case when first before this court, and it is with reluctance we feel constrained to overrule the decision of the majority of the court then pronounced, for the reasons assigned in the dissenting opinion, which it is needless to repeat.   We find that opinion sustained by the following authorities in addition to those cited in the opinion, viz: Pleading and Practice under the Code, §876, where it is said: " When the answer sets up a counter-claim, it

cannot be met by a counter-claim in reply." And to support the proposition the author refers to 2 Abb. Pr., 569; 10 Howard Pr., 148, and *Dawson* v. *Dillon*, 26 Mo., 395. The last is a parallel case. It was an action tried before a justice and carried by appeal to the " Law Commissioner's Court." The plaintiff sued for $38, and the defendant set off an account against the plaintiff for fifty dollars. On the trial in the appellate court, the plaintiff, in order to defeat the set-off of the defendant, offered to prove that the defendant owed him one hundred and six dollars for cattle, which he had purchased from the plaintiff, but the court excluded the evidence and rendered judgment in favor of defendant, for the excess of the set-off over the sum demanded in the petition. The plaintiff thereupon appealed to the supreme court, where it was held: " The plaintiff cannot reply to a set-off, a demand which he could have included in his petition, for if the plaintiff could reply to a set-off in this manner, the defendant could rejoin that the plaintiff owed him a debt not included in his set-off, to which the plaintiff could sur-rejoin, and such a practice would lead to intolerable confusion." The ruling of the court was proper for another reason; the defendant cannot assert a demand in a justice's court as a set-off which exceeds the jurisdiction of the justice, and conceding to the plaintiff the general right to reply as he proposed, the analogy of the statute at least would require that *the debt claimed in the replication should be within the jurisdiction of the court.* This decision it will be seen also supports the view we have presented in respect to the jurisdiction of the justice.

The judgment in this court at the June term, 1878, must be reversed, and a *venire de novo* awarded to the defendant, and this with a reservation to him of the right to make at the next term such motion as he may be advised, in reference to the fund collected from him under the final process issued upon said judgment.

Error.                                                              Reversed.