## MENEELY & CO. v. B. CRAVEN.

*Pleading—Counterclaim.*

A counterclaim, the amount of which exceeds the jurisdiction of a justice, cannot be entertained by him; and no amendment will be allowed in the superior court, after appeal, which operates to increase the sum demanded beyond the justice's jurisdiction.

(*Boyett* v. *Vaughan*, 85 N. C., 363; *McClenahan* v. *Cotten*, 83 N. C., 332; *Derr* v. *Stubbs, Ib.*, 539, cited and approved.)

CIVIL ACTION tried at Fall Term, 1881, of RANDOLPH Superior Court, before *Gudger, J.*

This action, wherein the plaintiffs seek to recover of the defendant the sum of $150.62 as a balance due from him on the purchase of a bell, was begun in a justice's court, and brought by a succession of appeals to this court.

On the trial in the court below, it was admitted that the defendant had purchased the bell in May, 1876, together with mountings for the same, at the price of $402.09, upon which he had made payments, in the way of cash and the price of an old bell taken in exchange, whereby that sum was reduced to the sum sued for, of $150.62.

By w.y of defence to the plaintiffs' recovery and as a counterclaim, the defendant alleged that there was a special warranty, on the part of the plaintiffs, as to the tone and metal of the bell, and that the same had failed to come up to the warranty, and in fact was so faulty that he had been forced to sell it and purchase a new one; and the amount due him for such breach of warranty be pleaded as a counterclaim, insisting that he had a right to have the same used as a defence to defeat the plaintiffs' demand for $150.62, and then, as the foundation of a judgment in his own favor for

$179.36—thus making the counterclaim, relied on, amount to $329.98.

The plaintiffs insisted that the defendant could not have his counterclaim considered by the court, for the reason that the action having begun in the court of a justice, no counterclaim could be set up which exceeded in its amount, the jurisdiction of that court.

Under instructions from the court, which justified them in so doing in case they so found the facts, the jury rendered a verdict for the defendant, whereby, after setting off the plaintiffs' demand for $150.62, they allowed him the sum of $179.36 as a balance due for breach of warranty.

Thereupon the plaintiffs moved for a new trial, on the ground of error committed in the charge to the jury, and His Honor conceiving that he had given erroneous instructions, set aside the verdict and allowed the plaintiffs' motion, from which ruling the defendant appealed.

*Messrs. Scott & Caldwell*, for plaintiffs.
*Mr. John N. Staples*, for defendant.

RUFFIN, J., after stating the case. The question presented by the defendant's appeal has been so recently, and so fully considered by the court, that we cannot suppose it to be necessary that we should go over the ground again.

The decision, at last reached in *Boyett* v. *Vaughan*, 85 N. C., 363, fortified as it is by the reasoning of the Justices in *McClenahan* v. *Cotten*, 83 N. C., 332, and *Derr* v. *Stubbs, Ib.*, 539, must be deemed final, and as settling the law, that a counterclaim, the amount of which exceeds the jurisdiction of a justice's court, cannot be entertained in a court of that character, and also that no amendment can be permitted in the superior court, after appeal, which serves to enlarge the sum demanded beyond the jurisdiction of the original court.

A profound respect for the court who preceded us, a ma-

jority of whom took a different view of the law and made a different ruling, caused us to hesitate long, and weigh well the matter before announcing our conclusion, and nothing short of a conviction, so fixed as not to be gotten rid of, that the law of the case is as we declared it to be, could have prevailed with us to reverse their judgment.

We deem it not unbecoming, however, to say that further thought and reflection upon the point have tended only to strengthen the conviction we then felt, and that we adhere to the decision made with renewed confidence in its correctness.

No error. Affirmed.