*R. W. L. RAISIN & CO. v. S. M. THOMAS

*Note must be produced before judgment entered—Jurisdiction—
   Counterclaim—Setoff, claim sounding in Damages.*

1. Where the note in suit was given for two other notes which were not surrendered; *Held*, that the judge committed no error in allowing a verdict for the plaintiff and withholding judgment thereon until the notes were produced and filed in court.

2. The decision in *Meneely* v. *Craven*, 86 N. C., 364, to the effect that a counterclaim in excess of $200 cannot be entertained by a justice of the peace, affirmed.

3. Neither has a justice (nor the superior court on appeal) jurisdiction of a counterclaim in damages assessed, though voluntarily reduced to $200.

4. But where the court has jurisdiction, *it seems* that a claim sounding in damages can be used by a party as a setoff.

(*Shields* v. *Whitaker*, 82 N. C., 516; *Davis* v. *Davis*, 83 N. C., 71; *Boyett* v. *Vaughan*, 85 N. C., 363; *Meneely* v. *Craven*, and cases cited, 86 N. C., 364; *Love* v. *Rhyne, Ib.*, 576; *Francis* v. *Edwards*, 77 N. C., 271; *Lindsay* v. *King*, 1 Ired., 401, approved).

CIVIL ACTION tried at January Special Term, 1883, of RICHMOND Superior Court, before *Graves, J.*

The plaintiff's action, begun before a justice of the peace, is to recover the amount of a note of the defendant for the sum of $200, with interest thereon, from March 1st, 1877.

The defendant answered, denying the consideration of the note, and setting up a counterclaim, in which he states the note was given for a lot of worthless guano, sold to him by the plaintiff, and represented to be good, to his damage two hundred dollars; and further, a counterclaim for other guano sold him also worthless and under similar representations as to quality, to his damage three hundred dollars. These counterclaims are denied in the plaintiffs' replication.

---

*Mr. Justice ASHE having been of counsel, did not sit on the hearing of this case.

The cause was transferred by the defendant's appeal to the superior court, where the pleadings remained unchanged and issues were submitted to the jury, which, with the responses, are as follows:

1. What sum does the defendant owe the plaintiffs? Ans. Two hundred dollars, with interest.

2. What damages, if any, is the defendant entitled to on account of the matter set out in his alleged counterclaim? Ans. Two hundred and fifty dollars, with interest.

The defendant then proposed to remit the amount of the counterclaim found by the jury, in excess of two hundred dollars, to a sum sufficient to extinguish the plaintiffs' demand, and moved for judgment against them for costs. The court declined to do so, and rendered judgment for the plaintiffs upon their note, and the defendant appealed.

*Messrs. Burwell, Walker & Tillett* and *J. T. LeGrand,* for plaintiffs.

*Mr. John D. Shaw,* for defendant.

SMITH, C. J., after stating the facts. It is only necessary to notice two exceptions:

1. It was in evidence that the note in suit was given and accepted for two others, in the respective sums of $500 and $300, held by the plaintiffs, and the defendant, as an instruction, asked the court to tell the jury that the plaintiffs could not recover because they had not surrendered these notes upon bringing their action. The court refused so to charge, and said that the omission would not defeat the plaintiffs' right to have a verdict, but that judgment would be withheld until they were delivered up. The notes were produced and deposited with the clerk. The issue with the jury was as to the defendant's indebtedness, and the verdict responsive thereto could not be obstructed by the absence of the notes for which that in suit was given. The subsequent surrender of them for cancellation met all the equities

and rights of the defendant, and obviated all injurious consequences to him. The course pursued by His Honor was precisely that taken in *Shields* v. *Whitaker*, 82 N. C., 516.

2. The defendant's next and principal exception is to the refusal of the court to apply the damages, assessed and volutarily reduced, to the extinguishment of the plaintiffs' debt, and the rendition of judgment therefor in favor of the plaintiffs.

Whether the asserted counterclaim rests upon a broken warranty of quality or practiced deceit and fraud, it is wholly for damages alleged in the answer and ascertained by the verdict to be in a sum beyond the cognizance of the court of a justice, and equally so of the superior court exercising its appellate jurisdiction. What the justice could not try, the superior court on the appeal could not try; and in both, the setting up a counterclaim, which in our system is but another action between the same parties reversed, should not have been entertained of such magnitude. The defendant could not sue on this claim before a justice, nor can he set it up in the form of a counterclaim in the plaintiffs' action. The merits of such a controversy are not committed to this inferior jurisdiction. The cases are numerous on point, and we content ourselves with a simple reference to some of them. *Davis* v. *Davis*, 83 N. C., 71; *McClenahan* v. *Cotten*, *Ibid*, 332; *Derr* v. *Stubbs*, *Ibid*, 539; *Boyett* v. *Vaughan*, 85 N. C., 363; *Meneely* v. *Craven*, 86 N. C., 364; *Love* v. *Rhyne*, *Ibid*, 576.

A counterclaim differs from a setoff, in that, while the latter defeats or diminishes the plaintiff's demand, the former not only does this, but the defendant recovers the excess if there be an excess of the plaintiff. C. C. P., § 101. *Francis* v. *Edwards*, 77 N. C., 271.

It is not necessary for us to determine whether such a claim sounding in damages can be used as a setoff, merely, since it is not brought forward as such, but strictly *as a counterclaim under the statute*. It was only admissible under our former practice when it was a money demand of a liquidated nature, and one

upon which an action of debt or *indebitatus assumpsit* would lie. *Lindsay* v. *King*, 1 Ired., 401. It may be enlarged under our present system, and we do not say it may not be used as a setoff for the purpose of discharging the debt when the court has jurisdiction.

In a case not dissimilar, where it was urged that, unless an inadmissible defence set up in a justice's court was allowed, the defendant might be deprived of the means of paying his debt to the plaintiff out of a debt due from the plaintiff to him, we said: We do not see why in such case the enforcement of the the plaintiff's judgment, in case of his insolvency, may not be restrained until the larger demand due the defendant can be determined, and then the adjustment made, when it does not conflict with the plaintiff's exemptions. *Love* v. *Rhyne, supra.*

There is no error in the ruling of the court and the judgment must be affirmed.

No error.                                                    Affirmed.