DENTON IJAMES v. G. C. McCLAMROCH et als.

*Justice's Jurisdiction—Counter-claim—Evidence.*

1. The jurisdiction of the Superior Court in appeals from justices of the peace, is entirely derivative, and if the justice had no jurisdiction in the action as it was before him, the Superior Court can derive none by amendment. So where a counter-claim, filed to an action brought before a justice, amounted to more than $200, the want of jurisdiction could not be cured by entering a *remittitur* for the excess in the Superior Court.

2. In an action brought by an administrator on notes given by some of the distributees for articles purchased at the administrator's sale, the declarations of the administrator, at the time when the notes were given, that he would only be obliged to collect a portion of the notes, as the estate owed only a small amount of debt, are inadmissible.

(*Boyett* v. *Vaughan*, 85 N. C., 363, cited and approved).

This was A CIVIL ACTION begun before a justice of the peace and brought by appeal of defendants to the Superior Court, and tried before *MacRae, Judge*, at the Fall Term, 1884, of DAVIE Superior Court.

The pleadings before the justice were oral. The plaintiff sued upon a bond, and the defendants pleaded payment and set off. In the Superior Court the pleadings were reduced to writing. The plaintiff complained of the non-payment of a bond executed to him by the defendants, and the defendants pleaded payment of the bond, and a counter-claim, founded upon the alleged indebtedness of the plaintiff to them for a balance due them by the plaintiff, for their distributive shares of the estate of James McClamroch, deceased, of whom plaintiff was administrator, and for a balance due on account of the sale of their land, which they had authorized the plaintiff, by power of atttorney, to effect, for the purpose of paying the debts they owed the plaintiff for property purchased by them at a sale by him as administrator, and to pay off the outstanding debts of the estate. The matter was then referred by the presiding Judge at Fall Term 1881, to the clerk, to take an account of the administra-

tion of the estate of James McClamroch, deceased, by D. Ijames, his administrator, and also to take and state an account of the moneys received and disbursed by said Ijames under the power of attorney referred to above.

The clerk filed his report at Spring Term, 1883, and at said Term a motion was made to the court by the plaintiff's counsel, to strike out the order of reference and set aside the report of the referee, on the ground that the justice of the peace had no jurisdiction of the counter-claims set up in the answer of defendants.

The Court made an order granting the motion, from which the defendants did not appeal. At the same time leave was granted the defendants to amend their answer, in pursuance of which the defendants filed an amended answer, in which they allege that the amount due them from the proceeds of the sale of the land, made by the plaintiff under the aforesaid power of attorney, was $206 and interest, which the defendants pleaded as a counter-claim to the plaintiff's action, and forgave and remitted to the plaintiff so much of the principal of said claim as is in excess of $200, together with the interest on the excess, and asked for judgment against the plaintiff for the same.

The plaintiff replied to the plea of counter-claim that the justice of the peace had no jurisdiction of the same, and that the counter-claim attempted to be set up was passed upon by the court at Spring Term, 1883, and judgment was rendered by the Court in this case to the effect that the justice of the peace had no jurisdiction of the said counter-claim, and the defendants are thereby estopped from setting up said counter-claim again.

The defendants offered to prove, that when the note was given, the plaintiff stated that he, as administrator, would require but little money; that there was a small balance of debts against the estate; that he would, perhaps, call on them for a small amount of money to pay them, and the notes would then be delivered, and settlement made between the heirs to make them equal; that the plaintiff called on them and their brothers from time to time,

claiming that there were debts still due, and they made the payments as endorsed on the notes; that when the last payment of fifty dollars was made by L. N. McClamroch on July 7th, 1884, the plaintiff told defendant he needed some of the money, but very little of it—there would be no more paid to him, and that in about two weeks he would get them all together for a settlement and distribution, and that a part of this money would be left to pay over to the children; that he failed to do this, and that the matter passed along, from time to time the matter being talked over, defendant trying to get a settlement, until this action was commenced. The Court refused to receive this evidence, and the defendant excepted.

The plaintiff alleged that a full settlement of the estate of his intestate, and of the proceeds of the sale of the land, had been made between him and the defendants, and full receipts and acquittances given.

This the defendants denied, and the following issue upon the point was submitted to the jury:

"Was there a full settlement of the estate of James McClamroch made by plaintiff with the defendants?"

To which the jury responded, "No."

When the case came on to be tried, on motion of the plaintiff's counsel, the Judge struck the counter-claim out of defendants' answer, upon the ground that it was over two hundred dollars and the justice had no jurisdiction of it, and only allowed evidence to be submitted to the jury on the issue of payment; to which defendants excepted.

Mr. E. L. Gaither, for the plaintiff.
Messrs. Coke & Williamson, for the defendants.

ASHE, J. (after stating the facts). There were only two exceptions taken in the course of the trial, which are presented by the appeal for our review:

1st. To the ruling of His Honor in excluding the evidence proposed to be introduced by the defendants in reference to the

conversation with the plaintiff in regard to the amount of the money due on the bond, which he would need in settling the debts of his intestate's estate.

There is no possible view in which the evidence could have been admissible. It was no evidence of a payment or release, or in any sense a discharge of the obligation—and if admitted it would have been immaterial and perfectly harmless.

The second exception was to the action of the Court in striking the defence of counter-claim out of the defendants' answer.

There was no error in that ruling. The pleadings before the justice were oral. The defendants in that court pleaded set-off, but what they meant by such a plea, we had no means of forming any knowledge until the case was carried by appeal to the Superior Court, where the pleadings were set out in writing, and by the written pleadings in that court, we are informed what the defendants meant by the plea of set-off before the justice. It seems to have been in the contemplation of the defendants by their plea of set-off, to plead a counter-claim of money due to them by defendant as administrator of Jas. McClamroch, deceased, for balance of distributive shares in said decedent's estate, and also for a balance of two hundred and six dollars due them on account of land belonging to them and some others, sold by him under a power of attorney given him by them for the purpose of raising money to pay the amount of their indebtedness to the estate of his intestate, for articles purchased at the administrator's sale, and for other purposes. The consideration of the note in suit was a part of the land so sold by the plaintiff. We are of opinion that there was no error in the ruling of His Honor in striking out of the defendants' answer the counter-claim set up by them in defence. The jurisdiction of the Superior Court in appeals from justice's courts, is entirely derivative. If the justice in such cases has no jurisdiction of the action, the Superior Court can derive none by the appeal. *Boyett* v. *Vaughan*, 85 N. C., 363.

It was there held : " It is the jurisdiction of the justice of the peace, which, on appeal, gives jurisdiction to the Superior Court ; and of course, if the justice had no jurisdiction, the Superior Court could have none, and therefore, by allowing *an amendment in the transcript* which enlarges the cause of action beyond the jurisdiction of the justice, it must necessarily oust itself of jurisdiction."

The principle here decided is, that the Superior Court could not, by amendment, enlarge the cause of action beyond the limited jurisdiction of a justice. That being so, the converse of the proposition must be true, that the Superior Court cannot, by amendment, *lessen* the cause of action so as to give jurisdiction to the justice when the cause of action was originally in excess of his jurisdiction.

From the written pleading in the Superior Court, we must assume that the counter-claim set up by the defendants in the justice's court was two hundred and six dollars, for that was the sum of the demand set up as a counter-claim in the first answer filed by them, and also in their amended answer filed by leave of the court, in which they attempted to escape the objection to the jurisdiction by filing a *remittitur* to all of their demand in excess of two hundred dollars. But, as His Honor very correctly decided, the *remittitur* could not be made in that court so as to give jurisdiction to the Superior Court over a matter of which the justice's court, from which the appeal was taken, had no jurisdiction.

There is no error. The judgment of the Superior Court is therefore affirmed.

No error.                                                            Affirmed.