STACEY CHEESE COMPANY v. R. E. PIPKIN.

(Filed 31 May, 1911.)

1. **Justice's Court—Appeal—Superior Court—Derivative Jurisdiction.**
   The Superior Court has no jurisdiction on appeal from a justice's court of an action erroneously brought in the latter court, and of which the justice's court had no jurisdiction, the jurisdiction of the Superior Court in such case being derivative only.

2. **Contract—Counterclaim—Scope.**
   The statutory counterclaim allowed to a defendant is very broad in its scope and not confined to that of a technical "set-off" or recoupment; and a party being sued for the purchase price of goods may set up a counterclaim for damages from a breach of warranty of the same creditor of other goods he had sold him.

3. **Justice's Court—Contract—Jurisdiction — Counterclaim — Pleadings—Satisfaction.**
   When an action, brought upon contract, before a justice of the peace is to recover an amount within the jurisdiction of that

court, the defendant may plead in bar a counterclaim exceeding two hundred dollars, and upon judgment being rendered against him for the amount claimed and establishing his counterclaim for the greater sum, he is entitled to go without day, and to recover costs.

### 4. Same—Counterclaim—Recovery for Excess.

A defendant pleading and establishing his counterclaim, exceeding the sum of two hundred dollars, in an action for damages upon contract properly brought in the court of a justice of the peace, is not entitled to a judgment for the excess of his counterclaim over the demand upon him, also established by the action.

APPEAL from *O. H. Allen, J.,* at the January Term, 1910, of WAYNE.

Civil action heard on appeal from a justice's court, before his Honor, *O. H. Allen, J.,* and a jury, at January Term, 1910, Superior Court of Wayne County. The action was instituted by plaintiff to recover $199 due by contract. Defendant denied the indebtedness and set up a counterclaim for breach of contract of warranty on other sales of cheese. On the hearing before the justice there was judgment in defendant's favor for an excess of $38.36. Plaintiff having appealed, on trial in Superior Court four issues were submitted, as follows:

First. In what amount, if any, is the defendant indebted to the plaintiff?

Second. In what amount, if any, is the plaintiff Stacey Cheese Company indebted to the defendant?

Third. What amount, if any, is the plaintiff entitled to recover?

Fourth. What amount, if any, is the defendant entitled to recover?

And it was agreed by parties that the court should answer the third and fourth issues according to the findings of the jury in the first and second. The jury rendered verdict as to defendant's indebtedness to plaintiff. Answer first issue, $199, and the second issue as to plaintiff's indebtedness to defendant, $210.

On the verdict defendant moved for judgment that plaintiff take nothing by his suit and defendant recover his costs. The court being of the opinion that as the counterclaim of defend-

ant was in excess of the justice's jurisdiction, and that defendant had at no time remitted the excess or offered to do so until after verdict, the court in accordance with the agreement answered the third issue $199 and the fourth issue nothing, and entered judgment in favor of plaintiff for said amount of $199 and costs, and dismissed defendant's counterclaim for lack of jurisdiction, etc.

Defendant excepted and appealed, assigning for error that the court refused to sign the judgment as tendered by him; second, to the judgment as entered.

*M. T. Dickinson for plaintiff.*
*Aycock & Winston and W. T. Dortch for defendant.*

HOKE, J., after stating the case. There is apparent conflict of authority with us on the question presented, and at least two or more decisions of this Court would seem to be in direct support of his Honor's ruling. *Raisin v. Thomas,* 88 N. C., 148; *Meneeley v. Craven,* 86 N. C., 364. The cause having originated in the court of a justice of the jeace, questions of jurisdiction must be considered and determined in reference to that fact, and numerous and repeated cases with us are to the effect "That the jurisdiction of the Superior Court on appeals from a justice of the peace is entirely derivative, and if the justice had no jurisdiction, in an action as it was before him, the Superior Court can derive none by amendment." *Ijames v. McClamrock,* 92 N. C., 362. A principle fully approved by the present *Chief Justice,* delivering the opinion of the Court in *Robeson v. Hodges,* 105 N. C., 49, and reaffirmed and applied at the present term in *Wilson v. Insurance Co.* Considering the present case in that aspect, however, we are of opinion that it is a fair and correct deduction from the better considered decisions of our Court, is in accord with reason and the enlightened policy and expressed purpose of our present Code that, whenever one is sued in a court of justice of the peace and has a valid counterclaim against plaintiff's demand, though the same may be in excess of the justice's jurisdiction, it may be pleaded, and, if established to an amount equal to or greater than plaintiff's claim, it may

CHEESE CO. *v.* PIPKIN.

avail to defeat the action. On a counterclaim resting in contract no recovery for an excess can be had in favor of the defendant except on demands for $200 or less, or unless the excess over $200 has been remitted in the justice's court and in apt time *(Ijames v. McClamrock, supra);* but whether set up strictly as a counterclaim or not, where it exists and has been pleaded and established, it should avail as a defense and defeat recovery by plaintiff, where the amount is sufficient for the purpose. This position is not in violation of our Constitution, limiting the jurisdiction of justices of the peace in actions *ex contractu* to cases involving $200 or less. Though a larger counterclaim may be presented, the question determined is limited to $200 or less, to wit, the amount required to defeat the plaintiff's claim, and is no more forbidden by the Constitution than in cases where the excess of a larger counterclaim is remitted to $200, or an equitable defense has been entertained in bar of plaintiff's demand. Under our former system and in actions at law this principle of balancing one claim against another was much more restricted than at present, and was included in the general term, set-off, confined usually to actions of debts or *indebitatus assumpsit* for a moneyed demand and of a liquidated nature. It was so held with us in *Lindsay v. King,* 23 N. C., 401; but under the present system, by which actions at law and suits in equity are instituted and determined in one and the same court and, as far as permissible, in one and the same action, the doctrine has been included and very much extended under the general term, counterclaim. In *Smith v. French,* 141 N. C., 6, the Court said: "Our statute on counterclaim is very broad in its scope and terms, is designed to enable parties litigant to settle well-nigh any and every phase of a given controversy in one and the same action, and should be liberally construed by the court in furtherance of this most desirable and beneficial purpose"; and after quoting our statutory provisions on the subject, said further: "Subject to the limitations expressed in this statute, a counterclaim includes well-nigh every kind of cross-demand existing in favor of defendant against the plaintiff in the same right, whether said demand be of a legal or an equitable

nature. It is said to be broader in meaning than set-off, recoupment, or cross-action, and includes them all, and secures to defendant the full relief which a separate action at law, or a bill in chancery, or a cross-bill would have secured to him on the same state of facts." Several of the earlier New York decisions showed a disposition to establish some of the common-law restrictions on the relief available under their statutory counterclaim and confine this user of one claim against another to the old technical doctrine of set-off; and Mr. Green, in his work on Code pleading and practice, comments on the doctrine of these cases as follows: "Now, if the term 'counterclaim' includes set-off and recoupment—and, in fact, nearly all counterclaims are either set-offs or recoupments—how is it, and why is it, that a set-off may be interposed as a defense, and that a counterclaim cannot? Or why should the same state of facts be a good defense when called a set-off, and liable to demurrer when called a counterclaim? There seems to be literally no sense at all in the distinction here made between a counterclaim and a set-off; and such hair-splitting is even worse than that under the old system in regard to the distinctions between the actions of trespass and case." And further the author says: "Indeed, it makes no difference what name a party may give to his pleading under the Code system, if the facts constitute a good cause of action or ground of defense."

In the line of these comments and in direct support of the disposition we make of the present appeal are the well-considered decisions in our own Court of *Hurst, Miller & Co. v. Everett & Everett,* 91 N. C., 399, and *McClenahan v. Cotton,* 83 N. C., 333. In *Hurst v. Everett* plaintiff sued before a justice of the peace in five separate actions on five separate promissory notes, aggregating $800. These actions were consolidated in the Superior Court; but this in no way affects the bearing of the decision on the point presented. Defendant claimed damages for breach of warranty in failing to supply goods of the quality contracted for, to the amount of $400. The sale and warranty attached to one entire transaction, to wit, a single sale. It was objected that as this was for breach of warranty in an indivisible transaction, the claim was not available as

a set-off to plaintiff's actions in the court of a justice of the peace. The lower court sustained plaintiff's objection, and on appeal this Court, in reversing the judgment, after referring to the effect of our statute extending the doctrine of set-off to all matters embraced within our statutory counterclaim, said further on the question chiefly involved: "This view of the case, founded upon the statutes, the authorities, and the 'reason of the thing,' leads us to the conclusion that when the defendants were sued, no matter whether for goods sold and delivered or upon one of the notes given in payment therefor, they had the right to recoup the damages they had sustained to the amount of the sum claimed in the plaintiff's complaint, and so on in each action, *'toties quoties,'* until the amount of their damages should be exhausted. And this defense, having attached to the action while in the justice's court, followed the case on appeal; and when the several actions were consolidated in the Superior Court the defendants had the right to recoup the whole amount of such damages as they might be able to prove they had sustained from the plaintiff's recovery. In *McClenahan v. Cotton,* the court spoke of the rights available to a defendant under a counterclaim as follows: "The question now arises, How may a party use and rely on his cross-demand? The answer is, He may plead it or not, at his will; but if he elect to plead it, he may do so, and then, if it be equal to or greater than the opposing demand, he may plead it in bar, as formerly, or plead it as a defense, so called, under The Code, the plea of defense having the operation merely to defeat the action, and not to admit of any judgment for an excess; or he may, if he will, instead of pleading it as a bar merely, set up his demand under the name and with the proper prayer of a counterclaim as introduced by The Code, and then the defendant will have judgment for the excess." This construction is within the words of The Code and is just in itself, for no reason can be given why A, having a debt of $200 against B, who has a debt of $1,000 against him, should have judgment for his debt without the right in B to defeat the action by a plea of his larger debt as a set-off in bar. Such a distinction between set-off set up as a bar and as a technical counterclaim is laid down as proper

to be taken, by an intelligent writer (Bliss on Code Pleading, sec. 368), and is recognized and admitted under the Code in New York. Tillinghast and Sherman Prac., 158; *Burnall v. DeGroot,* 5 Duer, 379; *Prentiss v. Graves,* 33 Barb., 621. In our opinion, therefore, the judgment, if not otherwise liable to objection, was properly pleadable as a defense, formerly a plea in ⋅ bar, without any *remittitur* whatever, and there was no error in the ruling on this point except in requiring the excess above plaintiff's demand to be remitted, which was an error against the defendant, of which the plaintiff cannot complain." And in that case the decision of the Court expressly holds: "A defendant, sued on contract in a justice's court, may plead as *a defense* an independent cross-demand arising *ex contractu,* the principle of which is beyond the jurisdiction of a justice of the peace." The same principle is applied in many well-considered decisions of this Court, holding that an equitable defense may be interposed to defeat a recovery in a justice's court though affirmative equitable relief in such court is not allowed, as in *Garrett v. Love,* 89 N. C., 205; *Lutz v. Thompson,* 87 N. C., 334.

In all the cases examined, except the two heretofore mentioned which seem to uphold a contrary view, as in *Electric Co. v. Williams,* 123 N. C., 51; *Derr v. Stubbs,* 83 N. C., 539, etc., the claimant continued to insist on his right to recover on his counterclaim an amount in excess of the justice's jurisdiction, and such claim was very properly denied. Even the two cases referred to, that is, *Raisin v. Thomas, supra,* and *Meneeley v. Craven, supra,* perhaps permit of that interpretation; but to the extent that these cases hold that a valid demand by way of counterclaim cannot be had as a *defense* to an action in justice's court because the entire amount of same is in excess of such jurisdiction, we are of opinion that these cases are not well decided. In the cases themselves and in others which refer to them, with apparent approval, the decisions seem to lay much stress upon the form of the statement, that it was set forth as a counterclaim; but substantial rights should not to that extent be made a matter of form. In numerous and repeated decisions of this Court we have held that neither a particular form of

statement nor a special prayer for relief should be allowed as determinative or controlling, but that rights are declared and justice administered on the facts which are alleged and properly established. *Peanut Co. v. R. R., ante,* 148; *Williams v. R. R.,* 144 N. C., 498-505; *Vorhees v. Porter,* 134 N. C., 591; *Bowers v. R. R.,* 107 N. C., 721.

Defendant having pleaded and the verdict having established a counterclaim in his favor of $210, and plaintiff's claim being for a lesser sum, said defendant is entitled to have judgment entered that he go without day and recover costs. *Unitype Co. v. Ashcraft, ante,* 63. He is not entitled to a judgment for the excess, for that would be to uphold the justice's jurisdiction in excess of the constitutional provision, but, to the amount required to defeat plaintiff's demand, to wit, $199, such court has jurisdiction and may award relief by rendering judgment that defendant go without day. For the reasons stated, we are of opinion that the judgment of the Superior Court must be reversed, and it is so ordered.

Reversed.

CLARK, C. J., concurs that *Raisin v. Thomas,* 88 N. C., and *Meneeley v. Craven,* 86 N. C., should be overruled, but finds no authority in the Constitution for the doctrine of "derivative jurisdiction." It has been created solely by judicial construction. The jurisdiction of the Superior Court is fixed by the Constitution and contains no limitation because the case may have been previously tried in another court. When the case gets into the Superior Court, its jurisdiction is general and unlimited, and it can make no difference whether the case was brought into the Superior Court by summons or by appeal. In either event, the case is in that court, which has full jurisdiction to give an adequate remedy. I am, therefore, of an opinion that judgment should be rendered against the plaintiff and in favor of the defendant for the excess of the counterclaim pleaded and proven over and above the amount of the claim proven to be due the plaintiff by the defendant.

If on appeal from the justice of the peace to the Superior Court the inquiry were confined to the question whether error

had been committed in the court below, there would be a logical basis for the doctrine of "derivative jurisdiction." But on such appeal the trial is *de novo* and it is proceeded with precisely as if it had been begun in the Superior Court, without any consideration as to whether the action of the justice was erroneous or not. There is therefore no reason to restrict the remedy to the limits of the jurisdiction of the justice of the peace. The case is tried exactly like any other in the Superior Court, and the remedy should not be restricted to that which might have been granted by a justice of the peace.