This is an action commenced before a justice of the peace, and heard in the Superior Court on appeal, to enforce an assessment against the lands of the defendants, levied by the commissioners of Lower Creek Drainage District under ch. 96, Public Laws 1909, which, after providing for the assessment, says, in sec. 4: "The assessment so levied shall constitute a lien upon the lands so assessed only, which shall be the lands designated by said freeholders in their report as injured or rendered less productive as aforesaid; and the said collector shall be empowered to bring an action in the name of the corporation to enforce said lien by subjecting the land intended to be benefited by rendering it more productive, either in the Superior Court or before a justice of the peace, and the court having jurisdiction of the amount due shall have power, upon summons served upon any of said landowners, as prescribed in cases where actions are brought to enforce money demands where said landowners shall fail to pay such assessment on or before 1 December of the year in which such assessment shall have power to adjudge that such assessment shall constitute a lien on the land assessed, and that the sheriff of the county shall sell the said land assessed to satisfy such assessment upon it, and the cost of the action so brought to enforce it; provided, however, that either the plaintiff or the defendant in such action shall have the right to appeal, as provided by law in other cases, upon giving bond in the sum of a hundred dollars."
The justice rendered judgment in favor of the defendants, and the plaintiff appealed, and in the Superior Court the action was dismissed for want of jurisdiction, and the plaintiff again appealed. *Page 583 
The jurisdiction of the Superior Court on appeal from a justice of the peace is derivative, not original, and if the justice has no jurisdiction of the action the Superior Court has none.
This has been decided many times in our Court.
In Boyette v. Vaughan, 85 N.C. 365, the Court said, in a unanimous opinion: "It is the jurisdiction of the justice of the peace which, on appeal, gives jurisdiction to the Superior Court, and of course if the justice had no jurisdiction, the Superior Court could have none"; and again, in Ijames v. McClamroch, 92 N.C. 365: "The jurisdiction of the Superior Court in appeals from justice's courts, is entirely derivative. If the justice in such cases has no jurisdiction of the action, the Superior Court can derive none by the appeal."
Both of these cases were cited and approved in Robeson v. Hodges,105 N.C. 49, in an opinion written by Chief Justice Clark, in which he quotes from the first that "It is the jurisdiction of the justice of the peace which, on appeal, gives jurisdiction to the Superior Court, and, of course, if the justice had no jurisdiction the Superior Court could have none, and, therefore, by allowing an amendment in the transcript, which enlarges the cause of action beyond the jurisdiction of the justice it must necessarily oust itself of jurisdiction"; and the same learned judge concurred in the opinion written by Chief Justice Furches in S. v. Wiseman,131 N.C. 795, in which it was said: "In cases where bills are found in the Superior Court, its jurisdiction is original. But in cases of appeal from justices of the peace its jurisdiction is derivative, and it has no more or greater jurisdiction than the justice of the peace had; and if the justice had none, the Superior Court had none."
Hoke, J., says, in Cheese Co. v. Pipkin, 155 N.C. 396: "The cause having originated in the court of a justice of the peace, questions of jurisdiction must be considered and determined in reference to that fact, and numerous and repeated cases with us are to the effect `That the jurisdiction of the Superior Court on appeals from a justice of the peace is entirely derivative, and if the justice had no jurisdiction, in an action as it was before him, the Superior Court can derive none by amendment.' Ijames v. McClamrock, 92 N.C. 362. A principle fully approved by the present Chief Justice, delivering the opinion of the Court inRobeson v. Hodges, 105 N.C. 49, and reaffirmed and applied at the present terms in Wilson v. Ins. Co., 155 N.C. 173.
All of these authorities are cited and approved in McLaurin v. McIntyre,167 N.C. 353. *Page 584 
The question, therefore, presented by the appeal is, Did the justice have jurisdiction of the action?
The Constitution of the State (Art. IV, sec. 27) limits the jurisdiction of justices in civil matters to "civil actions founded on contract wherein the sum demanded shall not exceed two hundred dollars," and authorizes the General Assembly to confer jurisdiction in "other civil actions wherein the value of the property in controversy does not exceed fifty dollars," and as there is neither allegation nor proof of any contract between the plaintiff and defendants as the foundation of the action, and there is no property in controversy, but simply the question of liability for an assessment, the justice had no jurisdiction.
Assessments are sustained upon the ground of benefit to the property, which is the debtor, and not the owner of the property.
"The lien of the charges for drainage is not a debt of the owner of the land therein, but is a charge solely upon the land, and accrues pari passu
with the benefits as they shall accrue thereafter. They are not liens until they successively fall due, and are presumed to be paid out of the increased productiveness and other benefits as they accrue from time to time. These assessments are to be levied from time to time to pay, not the indebtedness of the owner of any tract, but to pay the bonded indebtedness of the district." Pate v. Banks, 178 N.C. 141.
This case also notes the distinction between assessments and laborer's and mechanic's liens, which must have a debt on which a personal judgment may be recovered, to rest on, the last being represented by Smaw v. Cohen,95 N.C. 85; Weathers v. Borders, 124 N.C. 610, in which the plaintiff relies, and holds that, "These `public charges' are entirely different from a mortgage which is to secure an indebtedness of the mortgagor for a benefit such as money borrowed, or other purpose, already received, nor like the laborer's or mechanic's lien, which is for benefit already received, and which is primarily a personal debt of the employer."
It says further, "`Pavement' assessments, as is said in Raleigh v.Peace, 110 N.C. 32, are like these assessments for drainage purposes, being `founded upon the principle that the land abutting upon the improvement receives a benefit over and above the property of the citizens generally, and should be charged with the value of such peculiar benefits,' and `do not authorize a personal judgment against the owner of the property,'" thereby approving the decision in Raleigh v. Peace that a statute providing for a personal judgment "is invalid," and under the same principle the General Assembly cannot confer jurisdiction on justices denied by the Constitution.
No stronger proof can be produced to show that the plaintiff's cause of action is not "founded on contract" than the statement of our Court *Page 585 
that no personal judgment can be recovered, because we recognize fully, as a part of the obligation of contracts, the right to enforce payment by judgment and executions.
The question is, however, settled against the plaintiff in Canal Co. v.Whitley, 172 N.C. 102, which was an action commenced before a justice of the peace to recover an assessment of $45, levied under the drainage laws, in which the Court says, by unanimous opinion, "We are of opinion, however, that this action will not lie, and that the justice of the peace has no jurisdiction to entertain it. It is not a debt, and does not arise excontractu."
We are therefore of opinion there is no error.
Affirmed.