JOHN HALL *v*. THE BOARD OF COMMISSIONERS OF GUILFORD COUNTY,

Since the adoption of the C. C. P., evi lence is admissible in an action on a bond, to prove mistake **or** fraud in the consideration thereof, for the purpose of reforming the bond in order to show the amount justly due.

*Therefore,* where a settlement was made between a creditor and debtor, the debtor giving several bonds for the balance due, some at one time and some at another, in an action on the bonds, mistake in the consideration having been alleged by the defendant: *It was held,* that the court below erred in ruling that unless the defendant could show, not only the mistake, but in which particular bond the mistake was embraced, the mistake would not be allowed: *It was further held,* that fraud in the bonds would not render them altogether void.

This was a CIVIL ACTION, tried before *Kerr, J.,* at December Term, 1875, of GUILFORD Superior Court.

The suit was brought to recover the value of certain coupons on bonds of the county of Guilford, issued in pursuance of Legislative authority, which the defendant had refused to pay upon the ground, " that the bonds were issued by mistake, on account of misrepresentation and fraud practiced

upon the Board of Commissioners of Guilford county, by the plaintiff, and that such fraud and mistake were not known to the defendant until after the bonds were issued and the interest paid.

The defendant denied that the county of Guilford is indebted to the plaintiff in any sum whatever, except such claims as have been audited by the defendant since the 1st day of September, 1870, the amount of which falls far short of the amount of the bonds held by the plaintiff against the county."

The bonds are of different denominations, ranging from $20 to $500, but all bearing date of July 1st, 1871, drawing interest from that day, but were after that date executed and delivered to the plaintiff at different times, some at one time and some at another.

It was in evidence, that the plaintiff was Treasurer of Guilford county from August, 1868, to September, 1870, and in his settlement with the old Board of Commissioners, received credit for having paid to J. M. Mebane the sum of $193.92, which was allowed in his settlement. It was also in evidence from the records of the Commissioners, that on the 14th day of July, 1870, an order was issued by the Board, on the Treasurer of Guilford county, (the plaintiff being then Treasurer,) to pay W. M. Mebane the sum of $193.82. There was no other order issued in favor of Mebane, except an order for about $3,000 at or near that time. That there was no order of the Board to pay Mebane any other sum similar in amount to the order for $193.82.

The minutes of the Board show that on the 4th of July, 1870, there was an order to pay Mebane $194.32, and that several other small claims had been audited and allowed in favor of Mebane before that day. The Treasurer's settlement does not show any such amount paid Mebane, only the $93.92. It was further in evidence, that the plaintiff's vouchers were in possession of the defendant.

The defendant insisted that the jury should find as a fact, whether or not the $193.92 allowed the plaintiff, in his settlement as Treasurer, was not the amount for which he had received credit in his said settlement as having been paid to Mebane.

The $192.83 claimed by the plaintiff, and which was payable to Mebane, had been bonded to the plaintiff to the defendant, and constituted a part of the bonds on which the plaintiff claimed interest.

The court refused to allow the jury to consider the question unless the defendant could show in which of the bonds this particular sum was included. It being admitted by the defendant, that they could not show at what time or in what bond said sum of $193.82 was included. His Honor charged the jury that there was no evidence before them going to show in which one of the bonds this amount was included, and unless the defendant could show that they were not entitled to it as a credit.

The defendant requested the court to charge the jury : That if the bonds sued on, or any part thereof, were based on fraudulent claims against the county, known to be so to the plaintiff, but not known to the defendant at the time the defendant issued the bonds and coupons, they are void, and it is not the duty of the jury to separate the good from the bad, but to declare the whole transaction as fraudulent and void.

His Honor declined the instruction prayed for.

To support this prayer for special instructions, it was in evidence that the defendant did not know at the time the bonds were issued, that any part thereof were based upon fraudulent claims, but that the bonds were issued upon claims previously audited by their predecessors, of which board W. M. Mebane was chairman, and that the defendant issued the bonds to the plaintiff from time to time, without examining the books, vouchers and papers in their office.

It was further in evidence that the bonds were issued to the

plaintiff by the defendant at different times after July 18th, nor did it appear how many at any one time. That at the time plaintiff went into office he did not have property exceeding a homestead, and personal property exemption, and that his commissions as Treasurer were paid him by the present Board after his term of office had expired, and to the amount of about $900.00 were invested in the bonds. That he was in comfortable circumstances, and good credit, and could borrow money. That the claims bonded to the plaintiff were some of them for money advanced out of his own means, when in office, to persons holding orders on the Treasurer, and some were for excess of orders so paid and taken up by him beyond the annual county fund levied and not counted in his annual settlement, and some were upon orders bought by him after he had gone out of office.

There was a verdict and judgment for the plaintiff, whereupon the defendant appealed.

*Mendenhall & Staples,* for the appellant.
*Scott & Caldwell,* contra.

READE, J. Before C. C. P., if parties accounted with each other, and the debtor gave the creditor his bond for the balance due, every thing was merged in the bond; and, *at law,* the debtor was not allowed to set up any defence of mistake or fraud in the *settlement* or in the *consideration* of the bond: but if such mistake or fraud were alleged and proved, he could have relief *in equity.* Now, we administer both law and equity in the same civil action. If, therefore, there was mistake or fraud in the consideration of the bonds sued on, the defendants may show it in this action, and have the benefit of it as a consideration, or by way of having the bonds reformed so as to show the amount justly due.

His Honor seems to have recognized this principle; and

yet he refused to allow the defendants to prove the alleged mistake.

For the balance found to be due the plaintiff on the settlement, the defendants gave him, not *one bond* for the whole amount, but *several bonds* making up the whole amount; and his Honor held, that unless the defendants could show, not only the mistake, but in which particular bond the mistake was embraced, it could not be allowed. In this we think there was error. The amount of the mistake having been divided up and embraced in several bonds, may involve some calculations to see how much is to be deducted from each. That would seem to be the only difficulty. And probably there need not be that difficulty; as, if the principal and interest now due and claimed by the plaintiff are equal in amount to the alleged mistake and interest thereon, the one may be deducted from the other. And this would approximate if it would not be exact justice between the parties. The interests of the parties to end litigation, may induce the liberality which will secure the result.

This is said upon the supposition that there was a mistake, and not as intimating any opinion that there was. That is a question of fact for the jury.

The defendant also made the point, that if there was mistake or fraud, it would avoid the bonds altogether. That is not so. Fraud in the *factum*, which is not here alleged, might have that effect; but not fraud in the *consideration*.

There is error.

PER CURIAM.                              *Venire de novo.*