\*W. G. B. GARRETT *v.* W. L, LOVE.

*Counterclaim—Mistake corrected in Equity—Account and Settlement.*

1. A counterclaim is where the answer sets up a cause of action upon which the defendant might have sustained a suit against the plaintiff, and the answer in such case must contain the substance of a complaint with a concise statement of the facts constituting a cause of action.

2. Where a mistake occurs in an account and settlement in which the defendant gives his note to the plaintiff for the amount of the supposed balance due, and the plaintiff sues upon the note; *Held*, that the court, under its equitable jurisdiction, will open the settlement and allow the defendant to show such mistake by way of counterclaim.

(*Costin* v. *Baxter*, 6 Ired. Eq., 197; *Compton* v. *Culbertson*, 2 Dev. Eq., 93; *Hall* v. *Commissioners*, 74 N. C., 130, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of HAYWOOD Superior Court, before *Avery, J.*

The action was begun before a justice of the peace and brought by appeal to the superior court.

The plaintiff complained that the defendant was owing him $130, due by note, dated February 1st, 1866, and that no part of the same had been paid, except the sum of $50 on May 25th, 1870, $25 on May 5th, 1871, and $17.50 on May 28th, 1873.

The defendant, admitting the execution of the note, set up the following defence: That he and one Rogers were partners in the mercantile business under the name of Love & Rogers; that the firm became embarrassed and the plaintiff assumed as surety for it a considerable partnership debt; that in order to indemnify the plaintiff, the firm transferred to plaintiff a large amount of notes and accounts, among which was a note on one W. F. Parker for $85.33, dated April 27th 1858, and due six months after

---

*Mr. Justice MERRIMON having been of counsel, did not sit on the hearing of this case.

date; that sometime about the date of the note sued on, the defendant acquired all the right and interest of his partner Rogers in the assets of the firm, and he and the plaintiff came to a settlement, in which the plaintiff undertook to account for all sums by him collected out of the property assigned to him, and all sums which he had paid for the defendant or the firm of Love & Rogers, and after the account was taken and a balance struck, he turned over to the defendant a number of the accounts which he had received from the firm, among which was the note on Parker, the plaintiff, alleging that he had collected nothing thereon.

Upon the settlement, there was a balance found due from the defendant to the plaintiff to the amount of $130, and the defendant executed his note to the plaintiff for the same. This note is the one sued on, and was founded upon no other consideration than the balance supposed to be due on the settlement.

The defendant further alleged that after he had made several payments on the note, he ascertained that Parker had paid his note in full to the plaintiff long before the settlement and the execution of the note sued on, and held the plaintiff's receipt for the same.

Whereupon the defendant asked judgment:

1. That the note be adjudged to have been executed by ignorance, mistake and inadvertence on the part of the defendant, and wholly without consideration, and that it be delivered up and cancelled.

2. That the plaintiff account to the defendant for the amount of the Parker note and the interest thereon.

3. For such other and further relief as the nature of the case may require, and for costs.

The plaintiff replied to the defendant's answer and denied the allegation in reference to the payment of the Parker note to the plaintiff.

The following issue was submitted to the jury: Did W. F. Parker pay the plaintiff the note for $85.33, dated April 27th,

1858, executed by Parker to Love & Rogers, and did the plaintiff by mistake fail to account on settlement with the defendant for the amount of said note received by the plaintiff." Answer, "Yes."

Upon this finding, the defendant moved for judgment against the defendant for $....:.... the difference between the amount of the principal and interest of the Parker note and the principal and interest of the payments he had made to the plaintiff on the note sued on. His Honor refused the motion upon the ground that the defendant was not entitled to judgment upon the pleadings, and gave judgment against the plaintiff for costs, from which judgment the defendant appealed.

No counsel for plaintiff.
Messrs. Battle & Mordecai, for defendant.

ASHE, J. From His Honor's ruling upon the motion of the defendant for judgment, we presume he considered the defence set up to be setoff and not a counterclaim, and in this we think there is error.

Since the distinction between the forms of actions at law and suits in equity has been abolished, the defendant may set up as many defences of new matter or as many counterclaims as he may have, whether legal or equitable, THE CODE, §245; provided, however, they are such causes of action as are defined in subdivisions one and two of section 244. The counterclaim here set up is clearly one of the class embraced in the first sub-division, for it is a cause of action connected with the plaintiff's action.

The criterion for determining whether a defence set up can be maintained as a counterclaim, is to see if the answer sets up a cause of action upon which the defendant might have sustained a suit against the plaintiff; and if it does, then such cause of action is a counterclaim; and it must disclose such a state of facts as would entitle the defendant to his action, as if he was plaintiff in the prosecution of his suit, and should contain the substance

of a complaint, and, like it, contain a plain and concise statement of the facts constituting a cause of action. There is no formula prescribed for either a complaint or counterclaim, and even if informal, "in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice." THE CODE, §260.

The answer in this case, though informally drawn, contains the essential elements of a counterclaim. The defendant, independently of the plaintiff's action against him, certainly has a cause of action against the plaintiff. The answer states that there had been a settlement between the parties, an account stated, and a balance struck in favor of the plaintiff, and a bond given by the defendant to the plaintiff as evidence of his indebtedness; and after sundry payments on the bond, it was ascertained that in the settlement, *by a mistake,* the plaintiff had been credited with a note passed over to the defendant as good, which had, theretofore, been paid to plaintiff. The plaintiff then, in justice, owed the defendant the difference between the amount of the bond given by him to plaintiff, and the amount of the note transferred to defendant, for which the plaintiff got an improper credit. The defendant, under the former procedure, would have been without remedy at law, but a court of equity which took cognizance of mistakes would have maintained a bill to open the account and correct the mistake. Adams' Eq.; *Costin* v. *Baxter,* 6 Ired. Eq., 197; *Compton* v. *Culbertson,* 2 Dev. Eq., 93.

Very much like this case is that of *Hall* v. *Commissioners,* 74 N. C., 130, where READE, J., in speaking for the court, says: "Before the Code of Civil Procedure, if parties accounted with each other, and the debtor gave the creditor his bond for the balance due, everything was merged in the bond; and at law the debtor was not allowed to set up any defence of mistake or fraud in the settlement, or in the consideration of the bond; but if such mistake or fraud were alleged and proved, he could have relief in *equity.* Now we administer both law and equity in the same civil action. If, therefore, there was mistake or fraud in

the consideration of the bonds sued on, the defendant may show it in this action, and have the benefit of it as a counterclaim, or by way of having the bonds reformed so as to show the amount justly due.

Our opinion is that the defence set up in the answer of the defendant constitutes a counterclaim, and that the court below erred in refusing to render judgment in favor of the defendant for the amount claimed by him.

As the sum due to the defendant, in consequence of the mistake, is the difference between the amount of the Parker note, with interest, and the balance due on the note sued on, after deducting the endorsed credits, it is a matter of simple computation; and the clerk of this court will ascertain the amount due and report, and judgment will be rendered here in favor of the defendant for said amount.

Error.                                                            Reversed.