\*W. G. B. GARRETT v. W. L. LOVE.

*Judgment upon confirmation of report, motion to correct.*

A report of a referee made to this court and confirmed, and final judgment entered thereon, is not open to a motion, at a subsequent term, to correct an alleged error in the method of computing interest adopted by the referee. The court held, however, that the result arrived at by the referee in pursuance of the decision rendered in this case (89 N. C., 205 is correct).

MOTION by defendant to correct a judgment heard at February Term, 1884, of THE SUPREME COURT.

No counsel for plaintiff.
*Messrs. Battle & Mordecai,* for defendant.

SMITH, C. J.   At the last term, the clerk to whom a reference had been ordered to compute and ascertain the result of the opposing claims of the parties (89 N. C., 205) made his report, and there being no exceptions thereto, it was confirmed and final judgment rendered in favor of the defendant for the excess of his counter-claim.   His counsel now ask us to have revised and corrected the method of computation adopted by the referee in the adjustment, and to direct a calculation that shall at once reduce the note given the plaintiff by applying the amount due on the Parker debt according to its face, but which had at the time been in part discharged by him.   The proper time for making the application was upon the coming in of the report and before its confirmation, since we can only rehear, with a view to correct an erroneous judgment, by petition filed in accordance with the rule.

But if it were still open to correction, is the mode of computation itself incorrect?

---

Mr. Justice MERRIMON having been of counsel, did not sit on the hearing of this case.

Let us assume that the Parker debt is valid, and all is due which on its face is called for; or let us substitute a note in the like sum given by the plaintiff to the defendant, as this will place the defendant in as favorable a position as he can claim to occupy; the value of his counter-claim would be the principal money with interest added to the time when the adjustment is to be made, and precisely the amount thus ascertained is the sum allowed by the clerk. On the other hand, the plaintiff's demand is estimated by a computation that applies successive payments, each exceeding interest then due, to a reduction of so much of the principal as the sum paid exceeds the interest; and so as to other payments until the residue is ascertained to the same date as the counter-claim, and the difference between them is the sum for which the defendant recovers judgment.

The several part payments by defendant on his debt must go as reducing credits, for such is the understanding and intent of both. If the counter demand is made to reduce the defendant's note, at once, to the difference between them, it is variant from that understanding; and equally so is the early extinction of the plaintiff's debt, so that what are credited payments become, what neither intended, independent loans and advances. The defendant accepted the Parker note as a valid subsisting and separate security; and that the plaintiff should make it good is the full measure of his demand, and he can claim no more. This he has, and with this he should be content. But we think a correction, if proper in itself, cannot be made of the judgment of the court.

Motion denied.