MARY HOWARD *v.* CHICAGO, ST. LOUIS, AND NEW ORLEANS RAILROAD COMPANY.

1. RAILROADS.  *Excursion ticket.*
   A railroad excursion ticket which contains a special contract is conclusive, and advertisements of the tour are inadmissible in evidence to vary its terms.

2. SAME.  *Limited ticket.*
   If such ticket provides that it is exchangeable for another good for the day and train designated in the latter, the holder of the exchange ticket cannot travel on a later train and day.

APPEAL from the Circuit Court of Yalobusha County.

HON. W. S. FEATHERSTON, Judge.

Posters and hand-bills, advertising " a strictly first-class excursion," over the appellee's railroad to New Orleans, on October 25, 1881, stated that passengers could " remain five days in the city," and added : " Tickets good to return any day and on any regular train for five days," and also these statements : " Tickets on sale by our agents at all prominent stations," and " Fare for the round trip from Water Valley, $6.00." These notices concluded : " For further information, apply to our agents, or address A. B. Pitts, E. W. Burrage, Managers, Gallman, Miss." In the railroad station house at Water Valley, one of the large advertisements was posted. The appellant, relying upon the placard, bought from a storekeeper at Water Valley, Mississippi, a ticket like the following :—

"EXCURSION TICKET
From Water Valley to New Orleans and Return.
TUESDAY, OCTOBER 25, 1881.
*Good going on this day and train only.*    $6.00
                              A. B. Pitts,    } Managers."
☞[OVER]          E. W. Burrage, }

On the other side was printed : " This ticket is not good on return trains, but when properly stamped by conductor of excursion train can be exchanged at ticket office at New Orleans for a ticket *good for the day and on the train designated on the face of such exchange ticket.* This ticket will not be exchanged unless it bears

conductor's stamp, and must be presented for exchange on day party wishes to leave."

On October 25, 1881, the appellant got on the excursion train at her home, Water Valley, and noticed that the hand-bills were distributed about the cars. Wishing to visit McComb City, she asked the conductor, who advised her that she could stop and send forward the excursion ticket to New Orleans and have it exchanged according to its stipulations. She accordingly got off the train at this station, confiding her ticket to another passenger, who kept on to New Orleans. This passenger made the exchange, and as he returned, left at McComb City for her the return ticket as follows :—

> "C. St. L. and N. O. R. R.
> EXCHANGE EXCURSION TICKET.
> New Orleans to Water Valley.
> Good on train and date stamped on back hereof.    No stop-over allowed on this ticket."

On one side of this ticket was stamped : " Train 3," on the other side was a round stamp with the following :—

> "C. St. L. & N. O. R. R.
> Depot Office, New Orleans.
> Oct. 27, 1881."

Supposing that her ticket was right, on October 29, 1881, the appellant got on a train at McComb City, bound north from New Orleans, and the conductor, after examining her ticket, said it was not good, and she must pay her fare or get off. She had only fifteen cents, and declined to do either. At the next station, he put her off the train. It was night and a storm was raging. She stayed in the railroad station house until 2 o'clock next morning, when a south-bound train carried her for the fifteen cents back to McComb City, and left her there in the rain and mud nearly two hundred miles from home. She was attacked with rheumatism and confined to her bed for three weeks.

The appellant sued the appellee for ten thousand dollars damages, averring that she supposed and had a right to suppose that the return ticket, which she exhibited with her declaration, gave

her the privilege of returning at any time within the five days. The railroad company pleaded a general denial. After the plaintiff had introduced her return ticket and testimony as to the conductor's conduct, she proposed to put in evidence the hand-bills and posters. The defendant objected upon the ground that the suit was on a ticket which constituted the contract, and Pitts and Burrage were not connected with the railroad company. This was overruled, and the advertisements were read to the jury. The defendant then introduced the excursion ticket, and under the plaintiff's objection read the indorsements on both tickets. With some testimony that another tourist completed the journey on a similar ticket by conforming to the rules, and that the plaintiff was cared for by the night watchman when put off the train, the railroad company closed its evidence.

At this point the defendant moved to exclude from the jury the large advertisement and the circular upon the same grounds on which it objected to their introduction, and the court sustained the motion for the reasons that if they had any effect it was to contradict the contract sued on, and that they amounted only to a proposition, while the ticket subsequently purchased from the defendant was the contract between the plaintiff and defendant. The plaintiff excepted and asked leave to amend her declaration. This was granted, and she amended it so as to cover all the facts, and again offered the excluded advertisements; but the court refused to admit them. Verdict being given for the defendant, the plaintiff moved to set this aside because the court erred in excluding the hand-bill and placards, and in permitting the indorsements on the tickets to be read. The motion was overruled, and she appealed from the judgment.

*A. H. Whitfield*, for the appellant.

The large poster and the circular advertisement put up in the railroad station houses and distributed on the cars were seen and accepted by the appellant and constituted the contract. These notices were given with the company's authority, and it is bound by their terms. A ticket is not a contract, but a receipt. Both tickets had " catching " stipulations on their backs which were read

to the jury. Thompson's Carriers of Passengers 65 *et seq.*, notes, §§ 1, 3, 4. The printed matter on the backs of the tickets was inadmissible in evidence until it was shown that the plaintiff knew and assented to its impositions. *Dorr* v. *New Jersey Steam Navigation Co.*, 2 Redf. Am. Rail. Cas. 227, 230, and note; Thompson's Carriers of Passengers 70, 71, notes, § 6. These artfully contrived tickets thrust upon persons to whom the hurry and press of railroad travel denies the opportunity of examination or assent cannot be used to release common carriers from their legal duties. *Southern Express Co.* v. *Moon*, 39 Miss. 822; *Mobile and Ohio Railroad Co.* v. *Weiner*, 49 Miss. 725. Whether the defendant authorized or ratified the proposals of the circulars and placards or not was a question for the jury on the evidence about the manner in which they were posted and distributed and the conformity of the ticket and the excursion train with the announcements. *Quimby* v. *Vanderbilt*, Thompson's Carriers of Passengers 423, 431, notes.

*M. E. Sullivan*, on the same side.

It cannot be successfully urged that the appellee is not bound by the contract. After permitting the excursion managers to advertise that its cars would carry the excursionists to New Orleans, the company issued its own tickets for their return on any of its regular trains. The conditions on the tickets were illegal, and did not bind the appellee. *Brown* v. *Eastern Railroad Co.*, 11 Cush. 97; *Malone* v. *Boston Railroad Co.*, 12 Gray 388; *Burnham* v. *Grand Trunk Railway Co.*, 63 Maine 298; *Quimby* v. *Vanderbilt*, 17 N. Y. 306; *Kent* v. *Midland Railway Co.*, L. R. 10 Q. B. 1; *Hobbs* v. *London Railway Co.*, L. R. 10 Q. B. 111; *Henderson* v. *Stevenson*, L. R. 2 H. L. Sc. 470; *Cohen* v. *South Eastern Railway Co.*, 2 Ex. D. 253. Tickets are not regarded as contracts, but as mere checks or vouchers for money paid, and the contract of carriage is properly proved by oral testimony, regardless of the ticket. This is a mere receipt for the consideration of the contract. *Van Buskirk* v. *Roberts*, 31 N. Y. 661; *Quimby* v. *Vanderbilt, ubi supra; Nevins* v. *Bay State Steamboat Co.*, 4 Bosw. 225; *Burnham* v. *Grand Trunk Railroad Co., ubi supra; Rawson* v. *Pennsylvania Railroad Co.*, 48 N. Y. 212; Thompson's Carriers of Passengers

65 *et seq.*, notes, §§ 1, 4.   The ticket being no part of the contract, and the matter on the back of the ticket being no part of the ticket, it was error to admit the ticket, face or back, in evidence any further than to make *prima facie* proof of the fact that appellant had paid her fare.   Lawson on Contracts of Carriers, §§ 105, 106 ; Hutchinson on Carriers, § 580.

*W. P. & J. B. Harris,* for the appellee.

The carrier has an undoubted right to issue limited tickets, which are special contracts, and are usual upon occasions of excursion rates.   Thompson's Carriers of Passengers 70, notes, § 6.   No conflict is discoverable between the circulars and tickets.   The words, " on any regular train for five days," meant on any which the tourist should select, but after making her choice she could not travel on another.   No deception was practiced on the appellant ; for she chose her agent and sent him to New Orleans to carry out the stipulations on the back of her excursion ticket.   She understood them.   But if not, the company could not enlighten her ignorance, because she bought her ticket from a stranger, some storekeeper in Water Valley.   Pitts and Burrage are not shown to have been connected with the railroad.   They had no power to bind the company, whose first contract with the appellant was the return ticket.   This was her only contract with the railroad company, and it was not to be modified by the excursion managers' advertisements of their tour.   All they promised, however, was the right to return for five days upon any train selected, and this right the appellant enjoyed.

CAMPBELL, C. J., delivered the opinion of the court.

When a ticket does not purport to be a complete agreement between the carrier and the passenger, suppletory evidence is admissible to show that there was a further contract than is indicated by the ticket, but when it sets out the terms of a special contract, it is to be looked to as the evidence of the contract and is conclusive as to its terms.   The ticket purchased by the appellant contained the terms of the contract for carriage, and was properly regarded by the circuit court as the sole evidence of her rights.   It was therefore

not erroneous to exclude the testimony offered by her.    But with this testimony before the jury, it would have been the duty of the court to instruct the jury to find for the defendant.    There is nothing in the testimony excluded inconsistent with the ticket.    The appellant should not have been misled as to the terms on which a return ticket was procurable in New Orleans, and it was her misfortune and not the fault of the appellee that she encountered any difficulty on her return.    She was chargeable with a knowledge of what her ticket set forth in unmistakable terms.    It plainly stated that it was exchangeable " at ticket office at New Orleans for a ticket *good for the day and on the train designated on the face of such exchange ticket.*"    The appellant sent her ticket to New Orleans to be exchanged for a return ticket, and receiving the return ticket to which she was entitled, failed to use it on the day and train for which it was available, and sought to travel home on it two days after the day for which it was issued and to which it was limited.    No wrong was done her by the refusal to carry her on that ticket.    She got all that she bargained for, and could claim no more because of her misunderstanding of the terms of the contract.

*Judgment affirmed.*