FRANK WILSON *v.* THE NEW ORLEANS AND NORTHEASTERN
R. R. Co.

1. RAILROAD COMPANY. *Action against for failure to stop train. Special contract.*

   W. bought from a railroad company a ticket from E. to B. and return, at a reduced rate. There was a condition in the ticket that it was good only on the trains advertised to stop at stations named therein. A train not advertised to stop at B. was signaled at that point by W., but failed to stop for him. *Held*, that W.'s rights on this ticke t were limited by the conditions thereof, and he could not take advantage of the reduction in the rate and reject the conditions on which the reduction was made. Hence, it was no breach of the special contract when the train refused to stop at B. on the signal of W.

2. SAME. *Obligations to the public. Refusal to stop train when signaled. Damages.*

   But in such case W. has certain rights outside of his special contract, and if he signaled the train (the station being one where such trains should have stopped when signaled), and such signal was seen, or might have been seen, by the employees of the company in charge of the train, and was disregarded by them, the company is liable on the ground of a violation of a general duty which it owes to the public, and if such employees willfully, recklessly, or capriciously refused to stop the train, the company thereby became subject to exemplary damages. *Chicago R. R. Co.* v. *Scurr*, 59 Miss. 456, cited.

3. SAME. *Action against. Failure to stop train when signaled. Damages. Evidence. Instructions.*

   And when in such case the evidence is conflicting as to whether the signals made for the train to stop were seen, or might, by reasonable care, have been seen, by the employees of the company, it is error for the court to instruct the jury that there is no proof of willful wrong, and that the plaintiff is not entitled, in any view of the case, to recover more than the actual pecuniary loss sustained by him.

APPEAL from the Circuit Court of Clarke County.

HON. S. H. TERRAL, Judge.

In June, 1884, Frank Wilson bought an excursion ticket from the New Orleans and Northeastern Railroad Company, which entitled him to ride on their train from Enterprise to Barnett and return. The ticket was sold to Wilson at a reduction, and read as follows: "Sunday excursion ticket. Good for one continuous passage, Barnett to Enterprise, if presented on Sunday (date stamped hereon) upon trains advertised to stop at stations named,

otherwise void." Train No. 2 was not advertised to stop at Barnett, it being a flag station. Wilson went down to Barnett, using this ticket, and in the evening went to the company's depot to return to Enterprise. Train No. 2, on which he desired to return, was late two or three hours, and ran by Barnett without stopping. Several persons, who desired to take passage, signaled the train. Wilson brought this action in a justice of the peace's court against the railroad company for one hundred and fifty dollars damages for the failure of the train to stop and take him on. The case was tried before a jury and a verdict for one hundred and fifty dollars rendered against the defendant. The defendant appealed to the circuit court. On the trial there the testimony was conflicting as to whether the signals made for the train to stop were seen, or might by reasonable care have been seen, by the employees of the railroad company. The third instruction for the defendant was as follows : " There being no proof of any willful wrong, the court instructs the jury that the plaintiff is not, in any view of his case, entitled to recover more than the actual pecuniary loss sustained by him." The jury found for plaintiff and assessed the damages at fifty cents. Plaintiff appealed.

*Robert George,* for the appellant.

It will not be contended for appellee that if the passenger train was signaled, so that the engineer did or might have seen it, the failure to halt his train was not a willful wrong. Then we insist that whereas in this case there was conflicting testimony, that it was the peculiar province of the jury to pass upon it, and to believe or not, as they thought proper, the testimony of any witness, and to give such weight as they thought proper to the testimony of any and all witnesses. Of course, there are many cases where the court should give a peremptory instruction to the jury. Those cases are so well defined that there can be no misunderstanding them, and we insist that the facts did not authorize the court to assert to the jury that there was *no proof* of any willful wrong.

But, by the third instruction for the defendant, the jury were told by the court a fact which by their verdict they disputed ; for in refusing to find for the defendant, they said, We believe the

train was flagged or signaled, so that it could have been seen or was seen by the engineer, and, if so, then the engineer was guilty of willful wrong; but the court tells them there was no willful wrong, hence they can find only actual pecuniary loss sustained. That was to all intents and purposes a *peremptory* instruction, given on a disputed state of facts, and the jury were bound to act on it, and did so by finding fifty cents for the plaintiff.

*E. Watkins,* on the same side.

To defendant's third instruction we have this objection. It assumes what we think is not true, to wit, that there was no proof of any willful wrong. Was it not willfully wrong for defendant, knowing, as it was bound to know, that it had brought plaintiff out to Barnett's on a contract that day to return him, to refuse to stop its train and take him on? There can be no question of this being a wrong to plaintiff, and if a wrong at all it was willful, for it was not accidental, it was not forgetfulness.

*John W. Fewell,* for the appellee.

I call attention to the contract of carriage in this case, which contract is evidenced by a ticket which expressly limits the right of passage upon trains advertised to stop at stations named. There is no testimony in the record that this train was advertised to stop at this station, nor is it anywhere shown that there was no other train coming northward by Barnett Station on that Sunday upon which the plaintiff could have returned to his home. There is nothing on this ticket or in this contract which gave the plaintiff any special right to ride on this particular train. Further, this ticket limits the right of the plaintiff to ride on the trains advertised to stop at Barnett Station. I contend, in the first place, that the plaintiff had no right by this contract to expect this train to stop and take him up, and he must be considered, therefore, as a passenger in the ordinary way at Barnett Station desiring to take a train for Enterprise. If I am mistaken in this view, I insist that even if this ticket is to be taken as a contract by the defendant railroad company to carry plaintiff back to Enterprise on that train, then all that can be said about the matter is that the defendant has not kept its contract. It is a breach of contract like a

breach of any other contract, and entitles the plaintiff only to
recover such damages as he has actually sustained.   There is no
element of fraud, oppression, willfulness, or recklessness in such a
breach of contract.   Had notice been brought home by the com-
pany to the men' in charge of train No. 2 that these passengers
were waiting to be taken at Barnett's, and these men had, with
such notice, refused to stop, then they would have been guilty of such
reckless conduct as might have entitled plaintiff to have recovered
punitive damages.   Failure of the company to give that notice is
mere negligence.   If it be contended that notice to the agent at
Enterprise and the agents·on the southbound train was such notice
to the company as to be considered constructive notice to all its
agents, then I say that punitive damages cannot be predicated
upon a failure to do a thing where the duty to do it is imposed
only by constructive notice.

The only question in the case is whether there was any testimony
to go to the jury which tended to show reckless or willful conduct
on the part of the defendant's servants.   I insist that there was
such a lack of such testimony as that if the jury had found any
punitive damages the court would have set aside the verdict.

ARNOLD, J., delivered the opinion of the court.

Appellant's claim for damages is based on the failure of appellee
to stop its train and carry him as a passenger thereon.   By the
terms of a ticket which he had previously purchased, appellant
was to be returned from Barnett to Enterprise only on trains adver-
tised to stop at those points.   The train on which he sought
passage was not so advertised, and on the contract evidenced by the
ticket he has no cause to complain of the judgment from which he
appeals.   His right to carriage on that ticket was limited by the
terms of the ticket.

A special contract is not necessary to entitle one to ride on a rail-
road train, but if a valid contract is in fact made for that purpose,
the rights and responsibilities of the parties thereto must be gov-
erned by it.   Ordinarily, a ticket is not a contract, but it may be
and often is a contract, as where it is sold at less than the general

ráte and is accepted and is to be used and enjoyed on conditions therein specified. The reduced rate constitutes sufficient consideration for the restrictions usually contained in such tickets. The railroad company in such case binds itself to carry at a low rate on the conditions named in the ticket, and if the passenger accepts such ticket he cannot take advantage of the reduction in the rate and reject the conditions on which the reduction was made. *Pennington* v. *Phila. & R. R. R. Co.*, 18 Am. & Eng. R. R. Cas. 310; *Howard* v. *Chicago, etc., R. R. Co.*, 61 Miss. 194.

But the trial in the lower court on appeal from a justice of the peace, in which there were no written pleadings, was not confined to the rights conferred or the duties imposed by the special contract. Appellant had rights involved in common with the public, and appellee was under obligations to the public disconnected from the contract. The contract did not preclude appellant from paying the fare or traveling on the train like any other citizen. It is shown that the train in question would and should have stopped at Barnett if it had been signaled for that purpose. If it was so signaled by appellant and others, and the signals made were seen, or might by proper attention have been seen, by the employees of the company in charge of the train and were disregarded by them, the company is liable on the ground of a violation of the general duty which it owed to the public. Any one injured by such breach of duty could maintain an action to recover damages therefor. *Heirn* v. *McCaughan*, 32 Miss. 17.

And under these circumstances, if the employees of the company willfully, recklessly, or capriciously failed to stop the train, the company thereby became subject to exemplary damages. *Chicago, etc., R. R. Co.* v. *Scurr*, 59 Miss. 456; *Heirn* v. *McCaughan*, 32 Ib. 17.

There was conflict of testimony as to whether the signals made for the train to stop were seen, or might, by reasonable care, have been seen, by the employees of the company, and it was error for the court to instruct the jury that there was no proof of willful wrong, and that plaintiff was not entitled in any view of the case to recover more than the actual pecuniary loss sustained by him.

Such instruction is proper only where there is no evidence showing a state of case that would justify and maintain a verdict awarding exemplary damages. *Chicago, etc., R. R. Co.* v. *Scurr,* 59 Miss. 456.

*Reversed.*