F. W. THOMAS v. SOUTHERN RAILWAY COMPANY.

(Decided May 24, 1898).

*Action for Damages—Common Carriers—Railroads—Failure to Stop Train at Flag Station—Punitive Damages.*

1. Where plaintiff went to a flag station on defendant's railroad a reasonable time before the arrival of a train on which he intended to take passage and, by reason of the absence of the agent and the failure of the engineer to see his signal, the train did not stop for him; *Held,* that defendant is liable for the actual damages sustained by the plaintiff.

2. In the trial of an action for damages for the failure of defendant to stop its railway train at a flag station in answer to plaintiff's signal, where there was no evidence that the engineer saw the plaintiff's signal and intentionally passed him by in violation of the defendant's duty to the public and of plaintiff's rights, it was not error to refuse to submit to the jury the question of punitive damages.

3. It is only when the railway engineer actually sees the signal of an intending passenger at a flag station and wilfully passes him by that punitive damages will be allowed in an action for damages, and the burden of showing the reckless disregard of plaintiff's rights is upon the latter.

CIVIL ACTION for damages tried at July, 1897, Special Term of BUNCOMBE Superior Court before *Timberlake, J.,* and a jury. The facts appear in the opinion. His Honor instructed the jury that the plaintiff was entitled to only actual damages to which the plaintiff excepted. The jury awarded damages to the amount of seventy-five cents and from the judgment rendered the plaintiff appealed, assigning as error the refusal of his Honor to instruct the jury that he was entitled to punitive damages.

*Messrs. Bourne & Parker* for plaintiff (appellant).

*Messrs. Tucker & Murphy* and *A. B. Andrews, Jr.,* for defendant.

CLARK, J.: When the plaintiff presented himself at the flag station, a reasonable time before the arrival of the train, for the purpose of procuring passage, and, by reason of the absence of the agent and the failure of the engineer to see the plaintiff's signal, the train did not stop for him, he was entitled to the actual damages sustained (*Code*, Section 1963) which were shown to be 75 cents, and the jury under the instruction of the Court found a verdict for that sum.

If the engineer had seen the plaintiff's signal and had run by without stopping, this would have been a wilful and intentional violation of the plaintiff's rights, which would have entitled him to recover exemplary or punitive damages. *Hansley* v. *R. R. Co.*, 117 N. C., 565; *Purcell* v. *Railroad*, 108 N. C., 414; *Heirn* v. *McCaughan*, 32 Miss., 1; *Railroad* v. *Hurst*, 36 Miss., 660; *Wilson* v. *Railroad*, 63 Miss., 352; *Railroad* v. *Sellers*, 93 Ala., 13; *Milwaukee* v. *Arms*, 91 U. S , 489; 2 Sutherland Damages, Section 937. Against such gross disregard of its duty to the public and to the plaintiff by a common carrier, the power of punishment by a verdict for smart money may be invoked. But here there was no evidence to go to the jury to show such conduct, and his Honor properly refused to submit the question of punitive damages. The plaintiff's testimony was that it was after dark, about 8 o'clock p. m. in January, and that the only signal given was plaintiff's waving his handkerchief and that it was a moonlight night, the track being straight for about 200 yards. This was sufficient, at most, to create no

more than a mere surmise that the engineer actually saw him. If the engineer with reasonable care ought to have seen but did not see him, this would entitle the plaintiff only to compensatory damages, which the jury gave him. It is only when it is shown that the engineer actually saw the intending passenger, or there is sufficient evidence to authorize a jury to find that the engineer saw him, that there can be such wilful disregard of the plaintiff's right, or such personal indignity to him, by rolling by without stopping, as would entitle the plaintiff to recover punitive damages. The burden to show this reckless disregard of plaintiff's rights, or indignity to him, was upon the plaintiff.

No error.