H. S. WILLIAMS et al. v. CAROLINA AND WESTERN RAILROAD COMPANY.

(Filed 7 May, 1907).

1. **Cases Consolidated on Trial—Separate Appeals.**—Where actions are united and tried together in the Court below for the sake of convenience, and not consolidated in the sense that they thereby became one action, nor within Revisal, secs. 469 and 411, and the verdict being substantially different as to each party, separate appeals should be taken.

2. **Railroads — Passengers — Negligence —Damages.**—Compensatory damages may be recovered of the defendant for failure of the engineer to stop a train at a flag station when he should have stopped upon being signalled, he having failed to see the plaintiffs'

signals by reason of negligence in not keeping a proper lookout, and plaintiffs being ready to pay their fare and to take the train from that station to another on defendant's road.

3. **Same—Punitive Damages.**—Defendant is liable to plaintiffs for such punitive damages, in addition to compensatory damages, as the jury may see fit to award, upon its engineer wilfully refusing to stop the train at a flag station, where it should have stopped under the circumstances.

4. **Same—Relief Accorded—Negligence— Suit Upon Contract—Tort.** Relief should be given according to the facts alleged and established in a civil action under Revisal, sec. 354, presenting one form of action for the enforcement of private rights and the redress of private wrongs. It makes no difference whether the plaintiff elects to sue upon contract or in tort, forms of action having been abolished.

5. **Same—Measure of Damages.**—The plaintiffs' measure of damages, arising from the defendant's responsible negligence in failing to transport him from one station on its road to another station thereon, are those arising from personal annoyance, inconvenience, discomfort and physical effort incident, in this case, to plaintiffs having walked to their destination, a distance of about a mile and a half, and it was error in the Court below to instruct the jury that plaintiffs should have waited for the next train passing in the afternoon in order to recover for the delay and inconvenience in doing so, as otherwise they could not show actual damages.

CIVIL ACTION, tried before *Peebles, J.,* and a jury, at September Term, 1906, of the Superior Court of GASTON County.

This action was brought by the plaintiffs to recover damages from the defendant for failing to stop its train and carry them from Harden Mills, a station on the defendant's road, to High Shoals, another station, a mile and a half away. The train was a mixed one, composed of an engine and freight cars, and a caboose in which passengers were carried. Harden Mills was not a regular but a flag station, at which stops were made to take on passengers, upon proper signals. An action was also brought by L. L. Todd, who was left at

Harden Mills at the same time the plaintiff Williams was, and the two actions, by consent, were tried together. The plaintiffs were in the store of one Costner, at Harden Mills, when the train blew for the station. They and Costner went out and signaled the train to stop. There was evidence tending to show that the signals were those required by the rules of the company. The plaintiffs alleged and offered evidence tending to show that the engineer and fireman actually saw the signals and failed to stop the train for them to get on, and that, if they did not see them, they could, by keeping a proper lookout, have seen the signals in time to have stopped the train. There was also some evidence that the signals were not given as required. The plaintiffs walked to High Shoals. The next train from Harden Mills to High Shoals passed in the afternoon of that day, some time after the freight train.

The plaintiffs requested the Court to charge as follows: "If the jury find from the evidence that the defendant negligently failed to stop its train for the plaintiffs at the time and place in question, then the plaintiffs are entitled to recover nominal damages, even if the plaintiffs sustained no actual damages. And if the jury find that the plaintiffs were, by the negligence of the defendant, put to any inconvenience, the jury should take such inconvenience into consideration in awarding such compensatory damages as the jury should find the plaintiffs have sustained." This instruction was refused and the plaintiffs excepted.

The Court charged the jury as follows: "1. If the plaintiffs have satisfied you by the greater weight of the evidence that they made a signal to the engineer to stop at the usual place and in the usual manner of making signals, and that the signal was made in time for the engineer to have stopped his train at the station, or the rear end of it, at the place

where the passengers usually got on, or, further, that the engineer saw the signal and recognized that it was a signal for him to stop, and he wilfully and intentionally failed to stop and ran by, you will answer the first and third issues 'Yes'; but if the plaintiff has failed to satisfy you of these facts, it is your duty to answer the first issue and the third issue 'No.' If you answer them 'No,' you need not trouble yourselves about the others at all, as that ends the case. 2. If the plaintiffs had sued on contract, as I stated before they had a right to do, why, then, the negligent failure on the part of the engineer would have given them the right to recover, because it would have been wrong in the railroad company to have neglected to see the signal. It would have been a breach of the contract which it had with the people generally, and any failure to perform that contract would have entitled the plaintiffs to at least nominal damages. But the plaintiff has elected not to sue on contract. In this case he cannot recover unless he satisfies you that the engineer saw the signal, recognized it, and intentionally and wilfully failed to obey it."

. The Court also charged, upon the measure of damages, that the plaintiffs could not recover any damages for having walked to High Shoals; that they should have waited at Harden Mills for the next train, which passed in the afternoon, and, if they had done so, they could have recovered for the delay and inconvenience in doing so, but that they had shown no actual damages, and the jury, if they found that the engineer had wilfully passed the station and left the plaintiffs at Harden Mills, would give them only nominal damages; and if the engineer did see the signals, but wilfully and intentionally disregarded them and passed on, they might award punitive damages in addition to the nominal damages. The plaintiffs duly excepted to the charge.

The jury returned a verdict against the plaintiffs on the issues, finding thereby that they were not entitled to recover at all. Judgment was entered accordingly and the plaintiffs appealed.

*A. G. Mangum* and *S. B. Sparrow* for plaintiffs.

*O. F. Mason, G. W. Wilson* and *J. H. Marion* for defendant.

WALKER, J., after stating the case: There should have been separate appeals in this case. The actions were tried together merely for convenience, and were not united or consolidated in the sense that they became, by the order of the Court, one action. They could not be thus merged under Revisal, sec. 469. The plaintiffs were not united in interest, but alleged separate grievances, and could not, therefore, be joined in the same action under Revisal, sec. 411. *Logan v. Wallis,* 76 N. C.; 416; *Syme v. Bunting,* 86 N. C., 175. The verdict was substantially separate as to each plaintiff and the judgment and appeals should have corresponded, two cases being constituted here. But we will pass by this objection, without intending, though, to make a precedent of the case in this respect, and proceed to consider the case upon its merits.

If the plaintiffs went to the usual place for receiving passengers a reasonable time before the arrival of the train, and were able, ready and willing to pay their fare, they were entitled to be carried to the next station. *Phillips v. Railway,* 124 N. C., 123; *Railroad v. Williams,* 140 Ill., 275; 1 Fetter on Carriers, sec. 228. If they gave the requisite signal, it was the duty of the engineer to stop the train so that they might take passage on it. If he did not see the plaintiffs, by reason of mere negligence in not keeping a proper lookout ahead of his train, the defendant would be

liable only for actual damages resulting from the failure to stop the train; but if he did see them, and wilfully refused to stop for the purpose of receiving them on the train as passengers, the defendant would be liable to punitive damages, in addition to those which are merely compensatory, if the jury should see fit to award them. This was expressly decided in *Thomas v. Railway,* 122 N. C., 1005, in which it is said: "When the plaintiff presented himself at the flag station a reasonable time before the arrival of the train, for the purpose of procuring passage, and, by reason of the absence of the agent and the failure of the engineer to see the plaintiff's signal, the train did not stop for him, he was entitled to the actual damages sustained, which were shown to be seventy-five cents, and the jury, under the instruction of the Court, found a verdict for that sum. If the engineer had seen the plaintiff's signal and had run by without stopping, this would have been a wilful and intentional violation of the plaintiff's rights, which would have entitled him to recover exemplary or punitive damages. Against such gross disregard of its duty to the public and to the plaintiff by a common carrier the power of punishment by a verdict for smart-money may be invoked," citing Code, sec. 1963; *Hansley v. Railroad,* 117 N. C., 565; *Purcell v. Railroad,* 108 N. C., 414; *Heirn v. McGaughan,* 32 Miss., 1; *Railroad v. Hurst,* 36 Miss., 660; *Wilson v. Railroad,* 63 Miss., 352; *Railroad v. Sellers,* 93 Ala., 13; *Milwaukee v. Arms,* 91 U. S., 489; 2 Sutherland Damages, sec. 937. To these authorities we may well add the recent decisions in *Hutchinson v. Railroad,* 140 N. C., 123 (overruling a contrary decision in *Smith v. Railroad,* 130 N. C., 304), and *Ammons v. Railroad,* 140 N. C., 196. In the case last cited it is substantially said in both opinions that, when a wrong is committed deliberately and in violation of the

passenger's rights, in a manner and under circumstances of aggravation or humiliation, showing a reckless and lawless disregard of the carrier's duty to the plaintiff, the law allows damages beyond the strict measure of compensation by way of punishment, and at pages 199 and 200 the principle is thus stated by *Justice Hoke:* "Where a passenger is wrongfully ejected from a railroad train, the demand may be considered as one in tort, and, on an issue as to actual or compensatory damages, he may recover what the jury may decide to be a fair and just compensation for the injury, including his actual loss in time or money, the physical inconvenience and mental suffering or humiliation endured, and which could be considered as a reasonable and probable result of the wrong done. Exemplary or punitive damages are not given with a view to compensation, but are, under certain circumstances, awarded in addition to compensation as a punishment to defendant and as a warning to other wrongdoers. They are not allowed as a matter of course, but only where there are some features of aggravation, as when the wrong is done wilfully and maliciously, or under circumstances of rudeness or oppression, or in a manner which evinces a reckless and wanton disregard of plaintiff's rights," citing *McNeill v. Railroad,* 135 N. C., 683; *Head v. Railroad,* 79 Ga., 358 (opinion by *Bleckley, J.*); Hale on Damages, sec. 261; 18 Am. and Eng. Enc. (2 Ed.), 1082. The case of *Parrott v. Railroad,* 140 N. C., 546, is also in point.

We might well stop here and rest our decision upon the clear and explicit statement of the law as contained in the cases cited but for the fact that, while the Court charged correctly as to punitive damages, it withdrew from the consideration of the jury the question of actual or compensatory damages altogether, and restricted the recovery to nominal and punitive damages, and then charged that they could be recov-

ered only in case the jury found that the engineer wilfully re-
fused to stop the train. This charge was given because, as his
Honor stated, the plaintiffs had sued in tort and not in con-
tract, and that mere inattention on the part of the engineer,
or a negligent failure to stop the train, would not entitle the
plaintiffs to recover, as for a tort, and, further, that they
could not, recover actual damages because none had been
alleged or proven. We are not aware of any authority dis-
tinguishing between tort and contract in respect to the right
to recover in an action of this kind. All forms of action are
abolished, and we have now but one form for the enforce-
ment of private rights and the redress of private wrongs,
which is denominated a civil action (Rev., sec. 354), and the
Court gives relief according to the facts alleged and estab-
lished. Clark's Code (3 Ed.), sec. 133, and notes; *Sams v.
Price,* 119 N. C., 572; *Bowers v. Railroad,* 107 N. C., 721;
*Vorhees v. Porter,* 134 N. C., 591.

The complaint in this case is the product of a careful
and skilful pleader, knowing his client's cause of action and
able to state it with accuracy and precision. Its allegations
are abundantly sufficient to cover every phase of the evidence,
and it is sufficient in substance and in form. The plaintiffs
have alleged not only a wilful disregard of their rights, but
negligent inattention on the part of the engineer, and whether
it is in tort or contract can make no difference. The law
does not deal with forms, but with facts. There was error
in the charge, so far as it denied to the plaintiffs the right
to recovery for mere negligence, and there was also error in
the instruction that they were not entitled to recover for hav-
ing to walk to High Shoals, as that they should have stayed
at Harden Mills and taken the next train. If the defendant
neglected its duty in the premises, it had no right to demand
that the plaintiffs remain at the station, where they had been

left·by its train, and not proceed to the next station, if their business required that they do so. The authorities we have already cited are to the effect that the jury may include in their verdict damages for the personal annoyance, inconvenience, discomfort and the physical effort incident to their doing so, just as they would have been entitled to recover the expense of a conveyance if they had hired one for the purpose instead of walking. *Thomas v. Railway, supra.* A direct authority is *Moore on Carriers,* pp. 884 and 886, and to the same effect are *Railway v. Marshall,* 64 S. W. Rep., 418; *Hobbs v. Railway,* L. R. 10, Q. B., 111; *Walsh v. Railway,* 42 Wis, 231.

In 3 Hutchinson on Carriers (3 Ed.), sec. 1421, it is said to be difficult, in assessing damages, to distinguish between the consequences of the carrier's breach of contract and of his tort, and that the damages must be measured by the principles of compensation. In that and the sections immediately following will be found a full and intelligent discussion of the question. In section 1424 the law specially applicable to this case is thus stated: "The inconvenience to which a passenger has been put, or the annoyance to which he has been subjected, as the direct and natural consequence of the wrongful act of the carrier, may be taken into consideration in connection with any pecuniary loss he may have sustained thereby, in fixing the amount of damages to which he is entitled; and it has been held that such personal inconvenience, from which the passenger has suffered discomfort as its immediate consequence, may be made the substantive ground of an action for damages, regardless of any expense to which he may have been put and without reference to loss of time or money. This rule has frequently been applied in cases where a passenger has been negligently set down before reaching his station or carried beyond it; also where the carrier has failed to stop the train a sufficient time for the

passenger, who has secured the right to ride, to board it. In these cases he is clearly entitled to recover for the trouble, inconvenience and expense incurred in getting to his destination." Any other damages, proximately resulting from the wrong and not too uncertain in their nature, may, of course, be included in the assessment. It is established, therefore, by the authorities that when the carrier has wrongfully set the passenger down short-of or beyond his destination, or has failed to stop for him, and has thereby imposed upon him the necessity of reaching his destination by other means, the carrier must respond in damages for the wrong, whether the action be brought for the breach of the contract or for the tort, and the rule applies in this case if the plaintiffs presented themselves at the proper place and gave the required signal at such time as enabled the engineer to stop the train for them at the station. 3 Hutchinson on Carriers (3 Ed.), sec. 1429.

The error of the Court in confining the plaintiffs' right of recovery to the narrow limits stated in the charge entitles them to another trial.

New Trial.