S. A. BEAM, BY HIS NEXT FRIEND, S. R. BEAM, v. C. W. FULLER ET AL.

(Filed 10 May, 1916.)

**False Imprisonment — Punitive Damages—Trials—Evidence—Questions for Jury.**

In an action to recover damages for arrest and false imprisonment, evidence tending to show that the several defendants, among them being the chief of police of the town and a constable of the township, arrested the plaintiff, a minor, without warrant, carried him through the streets and locked him in the guardhouse for several hours, and then released him without preferring a charge, is sufficient for the consideration of the jury upon the question of punitive damages.

ACTION to recover damages for arrest and false imprisonment, tried before *Webb, J.,* and a jury, at September Term, 1915, of GASTON.

There was evidence tending to show that on 28 June, 1914, plaintiff, a minor, was arrested and confined for some hours in the guardhouse in Bessemer City, N. C.; that the arrest was without warrant or lawful justification and was participated in by several defendants, the parties charged and served, being C. W. Fuller, Clint Jones, and Ped Allen and Aaron Dameron; that C. W. Fuller was chief of police of Bessemer City and defendant Jones was constable of Crowder's Mountain Township. Aaron Dameron was deputy sheriff of the county.

At the close of the plaintiff's testimony, on motion made in apt time, there was judgment dismissing the action as to defendant Fuller, and plaintiff excepted. On issues submitted, there was judgment establishing liability of the other three defendants and assessing nominal damages.

Judgment on the verdict, and plaintiff excepted and appealed, assigning for error:

1. The judgment dismissing the action as to the defendant Fuller.

2. The ruling of his Honor that the facts in evidence did not present a case for an award of punitive damages.

*Mangum & Woltz and J. M. Hoyle for plaintiff.*
*No counsel for defendants.*

PER CURIAM. On careful examination of the record, we are of opinion that there are facts in evidence tending to show that defendant Fuller was a participant in the wrongful arrest and detention of plaintiff, and that the order of nonsuit as to said defendant should be set aside. The Court is of opinion, also, that there was error in the ruling that plaintiff, as a matter of law, was not entitled to recover punitive damages. When there is testimony in a cause permitting an award of punitive damages, the question of whether such damages shall be allowed, and the amount of same, is for the jury. *Billings v. Charlotte Observer,* 150 N. C., 541.

We find in the present record evidence on the part of plaintiff tending to show that in June, 1914, plaintiff was arrested by defendants without warrant, carried through the streets of Bessemer City as a prisoner, and locked up in a guardhouse and detained there for several hours, when he was allowed to go free without any charge having been preferred against him and without any evidence that he was presently or at any other time engaged in any violation of law. There may be facts in evidence or available which would so far explain the conduct of defendant as to justify a jury in refusing to award punitive damages in the case, but with the facts in evidence as indicated, it was reversible error, as stated, to withdraw the question from the jury and decide it adversely to plaintiff as a conclusion of law.

If, on another trial of the case, the question of punitive damages is again presented, the rules applicable will be found discussed in some recent cases of our Reports, among others, *Carmichael v. Telephone Co.,* 162 N. C., 333; *same case,* 157 N. C., 21; *Williams v. R. R.,* 144 N. C., 498, headnote 10; *Ammons v. R. R.,* 140 N. C., 200; *Kelly v. Traction Co.,* 132 N. C., 368.

There is error. The order of nonsuit as to defendant Fuller and the verdict and judgment as to the other defendants will be set aside and a new trial had of the entire case.

New trial.